UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Malik Laughlin, et al.,   Case No. 19-cv-2547 (ECT/TNL)

Plaintiffs,

v.   **ORDER**

James Stuart, et al.,

Defendants.

---

Malik Laughlin, MCF-Stillwater, 970 Pickett Street North, Bayport, MN 55003; Kenneth Lewis and Michael Hari, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330 (pro se Plaintiffs); and

Robert I. Yount, Assistant Anoka County Attorney, Government Center, 2100 3rd Avenue, Suite 720, Anoka, MN 55303 (for Defendants).

---

This matter is before the Court on Plaintiff Michael B. Hari's Motion to Compel (ECF No. 45), Defendant's Motion to Extend Time for Accepting Response (ECF No. 51), and Plaintiffs' Motion for Leave to Amend Civil Rights Complaint. (ECF No. 64). For the reasons set forth below, the Court will grant the motion to compel and the motion to extend time and grant in part and deny in part the motion for leave to amend.

I. **BACKGROUND**

Plaintiffs filed suit in August 2019. (ECF No. 1). Defendants answered the complaint in December 2019 and February 2020. (ECF Nos. 27 and 37).

In January 2020, Hari served a first set of discovery requests upon Defendant James Stuart. (ECF No. 45). Several weeks later, after receiving no response, Hari

1

resubmitted the requests to Stuart, along with a meet and confer letter. (ECF No. 45). In March 2020, after Stuart again failed to respond, Hari sent a second meet and confer letter. (ECF No. 45).

On April 1, 2020, Hari filed a motion to compel, seeking complete responses to his discovery requests. (ECF No. 45). Stuart responded on April 10, 2020, along with a motion for extension of time to file his response. (ECF Nos. 50 and 51).[1] Stuart argues the motion to compel is premature.

Plaintiffs then moved to amend the complaint. (ECF No. 64). They seek to add more than a dozen defendants. Plaintiffs summarize their new claims in their proposed amended complaint as follows:[2]

- As to Defendant Zerwas, violations of Plaintiffs' rights under the First, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution;

- As to Defendants Barbara Robbins, Visel, Joel Brott, Zach Beaumaster, Clem, and Michael Sieg, violations of Hari's rights under the Sixth and First Amendments to the U.S. Constitution;

- As to Defendants Wood and Evans, violations of Plaintiffs Kenneth Lewis and Malik Laughlin's rights under the First Amendment to the U.S. Constitution;[3]

- As to Defendants Stuart, Tessa Villergas, and Brott, violations of Lewis's rights under the Sixth and First Amendments to the U.S. Constitution;

- As to Defendants Scott Hull, Carroll Nikke, Brena Kane, Katherine Arden, Joel Smith, Matthew Aken, Thomas Huse, Nathaniel D. Gena, violations of Hari's rights under the Sixth, Fourth, and First Amendments to the U.S. Constitution; and

---

[1] For good cause shown (*see* ECF No. 53), the Court will grant the motion to accept late filing.
[2] Plaintiffs allege that constitutional claims against state and county officials are brought pursuant to 42 U.S.C. § 1983 and are brought against federal officials pursuant to the *Bivens* doctrine.
[3] Plaintiffs suggest the factual allegations that support this claim are contained in paragraph 40 of their proposed amended complaint. (ECF No. 64-1, p. 2). Paragraph 40, however, discusses claims alleged to have been brought under the Fifth and Fourteenth Amendments. Paragraph 41 refers to a retaliation claim but relates only to Laughlin.

- As to Defendants Robbins, Visel, Nikki, Kane, Arden, Smith, Aken, Huse, and Gena, violations of the Federal Wiretap Act and the Minnesota Wiretap Act as to Hari.

(ECF No. 64-1, pp. 2-3). In response, Defendants have filed a memorandum in which they acquiesce to some, but not all, of the proposed amendments. The Court took the motions under advisement without a hearing.

## II. MOTION TO AMEND

Once 21 days have passed after service of a responsive pleading, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Although leave to amend 'shall be freely given when justice so requires,' *see* Fed. R. Civ. P. 15(a), plaintiffs do not have an absolute or automatic right to amend." *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002)). The Court may deny a party's request for leave to amend only "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)). "[A] motion to amend should be denied on the merits 'only if it asserts clearly frivolous claims or defenses.'" *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999) (quoting *Gamma–10 Plastics, Inc. v. American President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1994)).

Defendants do not oppose the addition of Laughlin's First Amendment retaliation claim against Woods and Evans, Lewis's Sixth Amendment claim against Villergas,[4] or the factual allegations pled in support of those claims. (ECF No. 75, p. 6). Defendants also do not oppose the addition of citations and facts contained in paragraphs 8, 13, 14, 15, 17, 19, 20, 22, 23, 35, 36, 38, 39, 40, and 41. (*Id.*). The Court will therefore grant as unopposed the motion for leave to amend with regard to those allegations.

Defendants do, however, object to the addition of claims that relate to Hari alone. Defendants correctly note that Hari's proposed claims are expansive. In general, Hari alleges that since 2018, employees of multiple law enforcement agencies and correctional facilities collected and reviewed telephone calls that were privileged; that correctional officers at Sherburne County monitored Hari's use of computer to view discovery and correspond with his attorney; that unidentified Marshals in Illinois seized his legal mail and disclosed information in it; that mail sent from the Sherburne County jail was opened, disclosed, and, in some cases, altered and delayed in delivery; and that certain correctional officers searched his cell and read his legal materials. (ECF No. 64-1, pp. 17-26).

Defendants also correctly note that Hari's new claims are unrelated to those alleged in the original complaint. There, Hari, and the other Plaintiffs raised claims related to the food they were served in the Anoka County Jail; that jail employees inhibited Plaintiffs' ability to communicate with their attorneys, review legal materials, and conduct legal

---

[4] It appears that Lewis is alleging violations of both the First and Sixth Amendment as to Villergas and that he also alleges the same claims against Stuart. (*See* ECF No. 64-1, p. 2). It is difficult to tell whether these claims are the same as alleged against Stuart alone in the original complaint. Nonetheless, out of an abundance of caution, and because Defendants do not object to these claims, the Court will grant the motion to amend and permit Lewis to file his alleged First and Sixth Amendment claims against both Stuart and Villergas.

research; that jail employees reviewed privileged materials; that jail employees sexually assaulted Plaintiffs; and that jail employees subjected Plaintiffs to unlawful disciplinary segregation. (ECF No. 1). Hari's new claims largely relate to conduct alleged to have occurred in other facilities and which do not relate to the other Plaintiffs' claims.

As a result, the Court will deny the motion to amend with regard to Hari's new claims. Federal Rule of Civil Procedure 20(a)(2) permits the joinder of additional defendants only if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." But as set forth above, Hari's new claims relate to actions that took place "at a different time, at a different location, and for a different reason." *Khalfani-El v. Clark*, No. 09-cv-69, 2010 WL 2135642, at *1 (E.D. Mo. May 27, 2010); *see also Wishon v. Gammon*, 978 F.2d 446, 448 (8th Cir. 1992) (denying motion to amend because motion sought add a claim that was "unrelated" to the other claims pled). Hari will not suffer prejudice from the denial of the motion for leave to amend with regard to these claims because he is free to raise them in a separate lawsuit if he wishes.[5]

Defendants also oppose as futile the motion for leave to amend with regard to Lewis's First Amendment Claim against Woods and Evans, Lewis's First and Sixth Amendment Claims against Brott, and Plaintiffs' Fifth, Sixth, and Fourteenth Amendment Claims against Zerwas. A motion for leave to amend a pleading is futile when the amended

---

[5] To some extent, Hari suggests the claims are related because they are all part of overarching conspiracy between the various law enforcement agencies and correctional facilities. His allegations are largely conclusory, however, and provide the Court no factual basis to conclude joinder under Rule 20 is appropriate.

5

pleading would not be able to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). In deciding a Rule 12(b)(6) motion, a court accepts as true all well-pleaded factual allegations and then determines "whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). In doing so, the court must draw reasonable inferences in the plaintiff's favor. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sletten & Brettin Orthodontics v. Cont'l Cas. Co.*, 782 F.3d 931, 934 (8th Cir. 2015) (citation and internal quotations omitted). Facial plausibility of a claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Although a sufficient complaint need not be detailed, it must contain "[f]actual allegations . . . enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). Complaints are insufficient if they contain "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

Conceptually, futility arguments can be difficult to consider in this context because they require the Court to rule indirectly on the merits of a dispositive motion, which is typically heard by the District Judge directly or reviewed via a Report and Recommendation from the Magistrate Judge. D. Minn. L.R. 7.1(c)(6)(B). Therefore, when futility arguments are raised, it is often more appropriate for the Court to "permit the

amendment" and allow the claims to go forward, so that they may be considered in a proper motion to dismiss. *Arcaro v. City of Anoka*, No. 13-cv-2772, 2014 WL 12605451, at *3, (D. Minn. July 16, 2014).

Here, however, it appears that it would be more efficient to address some of the challenged claims in the motion to amend. First, Lewis claims, for the reasons described in paragraph 40 of the proposed amended complaint, that Defendants Wood and Evans retaliated against him in violation of his First Amendment rights. But as the Court noted above, paragraph 40 alleges violations of Plaintiffs' Fifth and Fourteenth Amendment rights. And though the following paragraph alleges a retaliation claim, it does so only with regard to Laughlin. Because nothing in the complaint establishes a plausible retaliation claim as to Lewis, the Court will deny the motion for leave to amend with regard to that claim.

Second, Plaintiffs claim that Zerwas violated their Fifth, Sixth, and Fourteenth Amendment rights by interfering with their legal mail. But there is only a single allegation in the proposed amended complaint that relates to Zerwas. In that allegation, Hari claims Zerwas took legal mail from him without it being sealed, but then admits that Zerwas returned the letter to him without it being scanned or otherwise reviewed. And though Hari claims this incident is evidence of Defendants' unlawful practices, he has not established, as required to bring a viable claim against Zerwas, that Zerwas actually reviewed his mail or took some action that actually violated his constitutional rights. *See Olivier v. Willers*, No. 13-cv-266, 2016 WL 1275032, at *8 (D. Minn. Mar. 31, 2016) (explaining that defendants cannot be held liable for constitutional violations for which they are not the

7

perpetrators). Because this claim would fail as pled, the Court will deny the motion to amend with regard to Hari's claims against Zerwas.

Finally, Lewis claims that Brott also violated his First and Sixth Amendment rights by interfering with attorney communications. But upon review of the proposed amended complaint, the Court cannot identify a single allegation that identifies what specific actions the sheriff took that interfered with Lewis's ability to communicate with his attorney.[6] At most, Lewis alleges that he has had problems with private phone access at the Sherburne County Jail and that calls to his attorney have been overheard by other inmates and deputies. (ECF No. 64-1). To the extent that Lewis is suing Brott in his individual capacity, he must allege facts showing that Brott was personally and directly involved in the alleged violation of Lewis's constitutional rights. *Teska v. Rasmussen*, 40 Fed. App'x 332, 334 (8th Cir. 2002). Lewis's merely alleging that he had phone problems at the Sherburne County jail is insufficient to show that Brott was personally responsible for those problems. Furthermore, to the extent Lewis sues Brott in his official capacity under Section 1983, his suit must be construed as merely a suit against the public employer, which may only "be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional policy or custom of the subdivision." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Lewis has not identified any unconstitutional policy or custom of Sherburne County that led to the problems that he identified with his phone access. Accordingly, his official capacity claim against Brott also

---

[6] In addition, for the same reason the Court denies the motion for leave to amend with respect to Hari's individual claims, the Court would also deny the motion for leave to amend with regard to this claim. This claim is unrelated to the allegations that formed the basis for the initial complaint.

8

fails. The Court therefore denies the motion for leave to amend with regard to this claim as well.

To summarize, the Court will grant in part and deny in part the motion for leave to amend. Plaintiffs may file an amended complaint adding the following claims and related allegations under Section 1983: violations of Laughlin's rights under the First Amendment as to Wood and Evans and violations of Lewis's rights under the Sixth and First Amendment as to Stuart and Villergas. The motion is denied in all other respects.

### III.   MOTION TO COMPEL

The Court will next address the motion to compel. In the typical case, a party may not seek discovery from any source until that party meets and confers with the other side pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). That rule does not, however, apply to cases exempt from initial disclosure under Rule 26(a)(1)(B). *Id.* As this action is brought by unrepresented individuals in the custody of Minnesota or the United States, it is exempt from initial disclosures. Fed. R. Civ. P. 26(a)(1)(B)(iv). Thus, the timing requirements of Rule 26(d)(1) do not apply with regard to the commencement of discovery in this matter.

Under Rule 34(b)(2)(A), a party must respond in writing to requests for the production of documents within 30 days. Stuart concedes that he has not yet responded to Hari's requests. Absent a showing of good cause, the failure to timely object to discovery constitutes a waiver of any objections to those requests. Fed. R. Civ. P. 33(b)(4); *see also Cargill v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn. 2012) (noting that Rule 33(b)(4) waiver is implied to all rules involving the various discovery mechanisms).

Stuart argues that good cause exists because around the time the requests were served, it appeared that Plaintiffs were planning to move for leave to amend their complaint and it was therefore more appropriate for discovery to commence after the Court ruled on that motion. Stuart also claims that Rule 26(d) "considers it appropriate to apply the strictures of discovery only following [a] pretrial conference or pretrial Order." (ECF No. 50).

Stuart's arguments are unpersuasive. The fact that Plaintiffs were planning to move for leave to amend does not alter Stuart's obligations to respond to the discovery requests. Stuart could, at a minimum, have objected to those requests as premature. But even if Stuart had objected on those grounds, his argument would still be without merit. It is common practice for parties to move for leave to amend after discovery commences; in fact, sometimes it is information uncovered in discovery that leads the party to move for leave to amend. The mere fact that Stuart had reason to believe Plaintiffs were planning to move for leave to amend when he received the discovery requests does not constitute good cause for him to ignore those requests. This is particularly true when he has not demonstrated that the discovery requests were unrelated to the allegations of the original complaint.

Likewise, the fact that the Court had not yet issued a pretrial scheduling order when Hari served the discovery does not constitute good cause for Stuart to ignore that discovery. As the Court explained above, in cases exempt from initial disclosures, the Federal Rules of Civil Procedure do not require that a party wait for such an order to issue before seeking discovery. Fed. R. Civ. P. 26(d)(1). Hari complied fully with the timing requirements of the Federal Rules of Civil Procedure when he served his requests and the Court will not hold his compliance with the Rules against him.

Stuart also claims the Court denied a motion to compel in a related case (19-cv-1330) in part because the Court did not believe it appropriate for discovery to begin until after a pretrial scheduling order was issued. But in that case, the Court denied the motion to compel for failure to meet-and-confer and for improper service. *Hari v. Stuart, et al.*, Case No. 19-cv-1330 (ECF No. 34, pp. 2-3). The Court also explained that Hari's discovery requests in the companion case were premature because he served them before he served of the summons and complaint. (*Id.*). The Court did not deny the motion because the requests were served before a pretrial scheduling order was issued.

Finally, Stuart argues the motion is improper because Hari did not obtain a hearing date or briefing schedule. He does so, however, only "insofar as the Court considers the timing or waiver of this response to Hari's pending motion." (ECF No. 50, p. 3). The Court therefore presumes that Stuart waives these objections because the Court has considered his late response.

But even if Stuart did not waive those objections, the Court would find they provide no basis to excuse his waiver. Hari was not required to obtain a briefing schedule before filing a non-dispositive motion; Stuart's response was simply due seven days after filing. D. Minn. LR. 7.1(b)(2). The fact that Stuart did not obtain a hearing date does not alter when his response was due. Nor did it have any substantive effect on this motion, as the Court's practice in cases like these is to decide non-dispositive motions on the papers.

In short, Stuart did not respond timely to Hari's requests. Any objection he would make to them is therefore waived and he has failed to demonstrate good reason to excuse his waiver. Stuart must therefore respond to the discovery requests in full, consistent with

11

the terms of the protective order previously issued in this matter.

## IV.    CONCLUSION

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion to Extend Time for Accepting Response is **GRANTED**. (ECF No. 51).

2. Plaintiff Michael B. Hari's Motion to Compel (ECF No. 45) is **GRANTED**. Defendant James Stuart shall respond to the discovery requests that are the subject of the motion in full within 30 days of the date this Order is filed.

3. Plaintiffs' Motion for Leave to Amend Civil Rights Complaint (ECF No. 64) is **GRANTED IN PART AND DENIED IN PART**. Within 21 days of the date this Order is filed, Plaintiffs may file an amended complaint that adds the following claims and supporting allegations under 42 U.S.C. § 1983: violations of Laughlin's rights under the First Amendment as to Wood and Evans; and violations of Lewis's rights under the Sixth and First Amendment as to Stuart and Villergas. The motion is denied in all other respects.

4. All prior consistent orders remain in full force and effect.

5. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: June 15, 2020                              *s/ Tony N. Leung*
                                                           Tony N. Leung
                                                           United States Magistrate Judge
                                                           District of Minnesota

                                                           *Laughlin, et al. v. Stuart, et al.*
                                                           Case No. 19-cv-2547 (ECT/TNL)