## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Malik Laughlin, et al.,                               Case No. 19-cv-2547 (ECT/TNL)

      Plaintiffs,

v.                                                                    **ORDER**

James Stuart, et al.,

      Defendants.

Malik Laughlin, MCF-Stillwater, 970 Pickett Street North, Bayport, MN 55003; Kenneth Lewis and Michael Hari, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330 (pro se Plaintiffs); and

Robert I. Yount, Assistant Anoka County Attorney, Government Center, 2100 3rd Avenue, Suite 720, Anoka, MN 55303 (for Defendants).

This matter is before the Court on Plaintiff Michael B. Hari's Verified Motion to Vacate Order and Strike Motion, and for Sanctions. (ECF No. 87). For the reasons set forth below, the Court will deny the motion.

### I.   BACKGROUND

On May 15, 2020, counsel for Defendants filed a joint motion for entry of a stipulated protective order. (ECF No. 62). The motion indicated that the parties agreed to all the terms of the proposed order, with one exception, which they submitted to the Court for resolution. (ECF No. 62). The disputed provision related to language that two Plaintiffs wanted to include that would allow them to use information designated as confidential in certain criminal proceedings. (ECF No. 62). The motion was signed by all

parties and was accompanied by statements from two parties setting forth their position on the disputed portion of the protective order. (ECF No. 62).

The Court issued the protective order on May 20, 2020. The Court did not include the language that Plaintiffs provided regarding the use of confidential documents in criminal proceeding. (ECF No. 68). Several days later, Hari filed a response to the motion for protective order, indicating that he had not consented to defense counsel submitting a joint motion but that he had simply intended to inform defense counsel that he would agree to the order if his proposed language was included. (ECF No. 72).

Hari then moved to vacate the protective order and to impose sanctions on Defendants and their counsel pursuant to Federal Rule of Civil Procedure 11. (ECF No. 87). Defendants responded by letter opposing the motion. (ECF No. 90). Hari later filed a series of supplemental exhibits in support of his motion. (ECF No. 91).

## II.   ANALYSIS

Hari does not identify the legal authority under which he seeks to vacate the protective order and to strike the joint motion for protective order.[1] The Court, however, construe his motion as seeking reconsideration of the Court's order granting the joint motion for protective order. *See* D. Minn. LR 7.1(j). Before filing a motion for reconsideration, a party must file a letter showing that compelling circumstances warrant such a motion. *Id*. Hari has not done so here.

But setting that issue aside, the Court will deny the motion for reconsideration.

---

[1] Hari must identify the specific legal authority under which he brings future motions, or the Court will deny them summarily. It is not the Court's responsibility to parse through Hari's filings and identify the relief he seeks or the legal authority that would permit such relief.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence" *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 413 (8th Cir. 1988) (citation omitted). They allow relief only in extraordinary circumstances. *Arnold v. Cargill Inc.,* No. 01-cv-2086, 2004 WL 2331814, at *1 (D. Minn. Oct. 13, 2004).

Hari has not identified the type of extraordinary circumstances that would justify reconsideration. Defendants presented the record fairly to the Court. The parties agreed on all but one term of the proposed protective order. The Court, having the broad discretion to grant such orders, *see* Fed. R. Civ. P. 26(c), issued a protective order that resolved the disputed provision. Furthermore, given the allegations in this matter, the documents that Plaintiffs have sought through discovery, and the Court's general practice in issuing protective orders in cases like these, the Court would have sua sponte issued a protective order quite similar to the one submitted in the joint motion had the parties been unable to agree at all to a protective order. The Court has been presented with no compelling reason to modify the terms of the order.

In addition, Hari's primary issue with the protective order is the fact that it does not expressly authorize him to use confidential documents obtained in this litigation in certain criminal proceedings. Hari has not, however, cited any legal authority to support the addition of such a provision. Typically, "civil discovery is not intended to be a back door method of accomplishing criminal discovery." *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1213 (8th Cir. 1973) (citations, footnote, and internal quotation marks omitted). The Court will not authorize Hari to use confidential documents obtained in this litigation

in any way he wishes in any other proceeding.[2] To do so would essentially negate the entire purpose of a protective order.

Accordingly, use of confidential discovery in this matter shall be limited by the protective order and the Federal Rules of Civil Procedure. If Hari is represented by counsel in his criminal case, he should consult with that attorney about the discovery that he believes would assist him in the criminal matter, as well as the most appropriate way for him to obtain that discovery.

Finally, Hari asks the Court to sanction Defendants and their counsel under Federal Rule of Civil Procedure 11. Rule 11 requires an attorney of record or unrepresented party to sign every pleading, motion, or other paper and certify that: the paper is being presented for a proper purpose; it was warranted by existing law or nonfrivolous arguments for modifying existing law; any factual contentions have evidentiary support; and any denials of actual contentions are warranted or reasonably based on belief or lack of evidence. The Court may sanction an attorney or party who violates this rule. Fed. R. Civ. P. 11(c).

The party seeking Rule 11 sanctions must serve the motion on the appropriate person 21 days before filing it so that person may have an opportunity to correct or withdraw the challenged claim or paper. Fed. R. Civ. P. 11(c)(2). Hari has not established that he did so here. The Court will therefore deny the motion for sanctions.

## III.   CONCLUSION

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS**

---

[2] Hari has also provided virtually no information to the Court about his criminal case, making it impossible for the Court to assess whether it would even be possible for documents obtained in this lawsuit to be relevant to the criminal matter.

**HEREBY ORDERED** as follows:

1. Plaintiff Michael B. Hari's Verified Motion to Vacate Order and Strike Motion, and for Sanctions (ECF No. 87) is **DENIED**.

2. All prior consistent orders remain in full force and effect.

3. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: July 13, 2020                            *s/ Tony N. Leung*
                                               Tony N. Leung
                                               United States Magistrate Judge
                                               District of Minnesota

                                               *Laughlin, et al. v. Stuart, et al.*
                                               Case No. 19-cv-2547 (ECT/TNL)