UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Malik Laughlin, et al., | Case No. 19-cv-2547 (ECT/TNL) |
| Plaintiffs, | |
| v. | **ORDER** |
| James Stuart, et al., | |
| Defendants. | |

Malik Laughlin, MCF-Stillwater, 970 Pickett Street North, Bayport, MN 55003; Kenneth Lewis and Michael Hari, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330 (pro se Plaintiffs); and

Robert I. Yount, Assistant Anoka County Attorney, Government Center, 2100 3rd Avenue, Suite 720, Anoka, MN 55303 (for Defendants).

This matter is before the Court on Plaintiff Michael B. Hari's Motion for Sanctions under Rule 37(e) for Spoliation of Evidence (ECF No. 102), Hari's Amended Verified Motion for Rule to Show Cause (ECF No. 106), Hari's motion to withdraw his original motion for rule to show cause, (ECF No. 131), and Hari's request to file a reply brief under temporary seal. (ECF No. 138). For the reasons set forth below, the Court will deny the motion for sanctions; deny the motion for an order to show cause; grant the motion to withdraw the original motion for an order to show cause; and grant the request to file under temporary seal.

1

## I. BACKGROUND

Plaintiffs filed suit in August 2019. (ECF No. 1). Defendants answered the complaint in December 2019 and February 2020. (ECF Nos. 27 and 37). In a document attached to his complaint, Hari alleges that in May 2019, Anoka County Jail officials took certain legal materials from his jail cell that were related an on-going criminal matter. (ECF No. 1-1, p. 9).

On June 12, 2019, Hari requested that the jail release all of Hari's letters, documents, pamphlets, pictures, legal materials, notes, writings, notebooks, pads, and copies of other materials to his criminal defense team. (ECF No. 30-1, p. 8). Hari claims that jail officials provided some materials to Hari's defense team but failed to include the materials they seized in May 2019.

The following day, Anoka County Deputy JoAnne Maro returned the documents seized in May to Hari. (ECF No. 30-1, p. 12). The materials had been stored in the "4th level classroom." (ECF No. 30-1, p. 3). Hari asked that jail officials provide the video of Deputy Maro finding the materials to him. (ECF No. 30-1, p. 12). He also requested the video be preserved as "EVIDENCE FOR FEDERAL COURT." (*Id.*). Jail officials responded, saying they did not provide video to inmates for any reason and that Hari's request had "been denied." (*Id.*).

In January 2020, Hari served a set of discovery requests on Defendants. (ECF No. 105-1). Among other things, Hari sought the video that showed Deputy Maro finding his property on the fourth level classroom. (ECF No. 105-1, p. 2). Defendants indicate that if any such video existed, it would have been destroyed some time ago.

Hari later filed a motion to compel responses to his January 2020 discovery requests from Defendant James Stuart. (ECF No. 45). On June 15, 2020, the Court granted that motion and directed Stuart to respond within 30 days. (ECF No. 81). Stuart (and the other Defendants) responded on July 15, 2020, along with a letter requesting clarification as to two requests for telephone records and recordings. (ECF No. 109-1, pp. 1-2). Defendants noted that, as written, the two requests encompassed more than 2,000 phone calls and asked Hari to identify specific telephone numbers, dates, or times. (*Id*.). Hari has not responded to Defendants' request for clarification. Defendants then disclosed additional documents on July 22, 2020 and August 3, 2020. (ECF No. 127, p. 2). In total, Defendants have spent more than forty hours responding to Hari's discovery requests. (ECF No. 127, p. 2).

Hari now seeks sanctions under Federal Rule of Civil Procedure 37(e) for the destruction of the video. He also asks the Court to issue an order to show cause as to why Defendants should not be held in contempt of court for failing to comply with the Court's order granting Hari's motion to compel.[1] Hari notes that Defendants have not provided several documents that he believes to be responsive to his requests, including his video preservation request, phone recordings, or copies of the seized documents, emails, and certain books.

## II.  MOTION FOR SANCTIONS

The Federal Rules of Civil Procedure require that parties take reasonable steps to

---

[1] Hari originally filed his motion for an order to show cause on July 22, 2020. (ECF No. 96). He has filed an amended motion for an order to show cause (ECF No. 106) and moved to withdraw the original motion (ECF No. 131). The Court will grant the motion to withdraw the first motion for an order to show cause.

3

preserve ESI that is relevant to litigation. Fed. R. Civ. P. 37(e). The Court may sanction a party for failure for failure to do so, provided that the lost ESI cannot be restored or replaced through additional discovery. *Id*.

The Court will deny the motion for sanctions for two reasons. First, there is no proof that the video in question ever existed. Hari appears to presume in his motion that the room where Deputy Maro found his materials was subject to video surveillance. But he has cited to no documentary evidence, deposition testimony, answers to interrogatories, or other evidence in the record to show this is the case. This Court cannot sanction Defendants for destroying evidence when Hari has failed to make even a minimal showing that such evidence ever existed.[2] *E*Trade Sec. LLC v. Deutsche Bank AG*, 230 F.R.D. 582, 591 (D. Minn. 2005). That alone is ample reason to deny Hari's motion.

Second, even if the video existed, the Court would still deny the motion. Hari has failed to demonstrate that Defendants had a duty to preserve the video. "A party is obligated to preserve evidence once the party knows or should know that the evidence is relevant to future or current litigation." *Paisley Park Enterprises, Inc. v. Boxill*, 330 F.R.D. 226, 232 (D. Minn. 2019). A variety of events may alert a party to potential litigation, but the duty to preserve must be viewed from the perspective of the party with control of the evidence. *Id*. In this case, Hari claims that his June 2019 request that jail officials preserve the video was sufficient to trigger the duty to preserve.

This Court disagrees. An inmate cannot trigger the duty to preserve simply by

---

[2] The fact that Anoka County Jail staff denied Hari's request for the video is not confirmation the video existed. Jail staff did not claim the video existed. Instead, they simply stated that videos were never provided to inmates.

4

requesting jail officials preserve a piece of evidence. Given the volume of threatened litigation in the prison system, officials would likely be required to preserve every video, audio recording, and scrap of paper ever created, a burden that exceeds what is required under Rule 37(e). *See id*. at 233 (describing limits on obligation to preserve evidence). The fact that Hari claimed his preservation request was relevant to an unnamed federal lawsuit does not alter the Court's analysis. Rule 37(e) requires the preserving party to maintain only relevant evidence, as viewed from that party's perspective. Here, Hari did not identify the federal lawsuit to which his preservation request related. Nor did he identify the claims alleged in that lawsuit or explain the factual allegations that served as the basis for those claims. As a result, jail officials had no way to assess whether any video existed would have been relevant to any current or future litigation. *See id*. The Court will deny Hari's motion for sanctions for this reason as well.

### III.   MOTION FOR AN ORDER TO SHOW CAUSE

The Court will next consider Hari's motion for an order to show cause as to why Defendants should not be held in contempt of court. The contempt authority includes the power to hold a party responsible for violating a subpoena or discovery order. *Henderson as Tr. for Henderson v. City of Woodbury*, No. 15-cv-3332, 2016 WL 11020059, at *2 (D. Minn. Nov. 4, 2016), *report and recommendation adopted by* 2016 WL 11020058 (D. Minn. Dec. 1, 2016); *Edeh v. Carruthers,* No. 10-cv-2860, 2011 WL 4808194, at *2-*3 (D. Minn. Sept. 20, 2011), *report and recommendation adopted by* 2011 4808191 (D. Minn. Oct. 11, 2011). The "contempt power is a substantial one, it should be used sparingly and not be lightly invoked." *Hartman v. Lyng*, 884 F.2d 1103, 1106 (8th

5

Cir. 1989). The purpose of contempt proceedings "is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000).

"Before a party can be held in contempt for violating a court order, [the party] must have actual knowledge of the order and the order must be sufficiently specific to be enforceable." *Hazen v. Reagan,* 16 F.3d 921, 924 (8th Cir. 1994) (citation and internal quotation marks omitted). The party seeking civil contempt must then prove by clear and convincing evidence "that the alleged contemnors violated [the] order." *Chicago Truck Drivers,* 207 F.3d at 505. If the moving party produces such evidence, then the burden shifts to the non-moving party to show an inability to comply with the court order. *Id*. To meet this burden, the non-moving party must show that (1) it was unable to comply; (2) its inability to comply was not "self-induced;" and (3) it made good faith, reasonable efforts to comply. *Chicago Truck Drivers,* 207 F.3d at 506.

Assuming without deciding that Defendants have not yet fully complied with the Court's order granting Hari's motion to compel, the Court will deny the motion for an order to show cause, as Defendants have shown good faith, reasonable efforts to comply. First, while true that Defendants have not yet produced Hari's June 13, 2019 request to preserve the alleged video of Deputy Maro obtaining Hari's property, it is apparent that Hari has that request in his possession, as he has already relied on it in this litigation. The Court will not resort to the contempt sanction for such a minor or inadvertent omission.

Likewise, though Defendants have not produced all responsive phone calls or emails, they have established that they are working to review the remaining responsive

6

materials, which include more than 2,000 phone calls. Defendants have spent substantial time reviewing and providing discovery and have supplemented their document production multiple times, including as recently as August 3, 2020, when they served nearly 1,800 pages of additional discovery. (ECF No. 127, p. 2). The time that Defendants have taken to provide these responses is more than reasonable, given the scope of information at issue in this case.[3] Hari is welcome, should he want certain discovery sooner, to respond to Defendants' letter requesting assistance in narrowing the scope of potentially relevant phone numbers for review. Furthermore, to the extent that Hari seeks production of phone calls, emails, or other records that Defendants contend do not exist, the Court cannot compel production of such materials. *Lang v. City of Minneapolis*, No. 13-cv-3008, 2014 WL 2808918, at *4 (D. Minn. June 20, 2014). The same is true with materials that Hari has requested that are not in Defendants' possession, custody, or control. *See* Fed. R. Civ. P. 34.

Finally, Hari challenges Defendants' decision to withhold post orders. The Court cannot conclude that Defendants' decision to do so justifies the contempt sanction. In seeking an order to show cause, Hari did not identify what document request the post orders were responsive to, let alone explain why those orders are relevant to any of his claims. On this record, the Court cannot conclude that Defendants clearly violated the Court's order by failing to produce those documents.

Defendants should continue working diligently to respond to Hari's discovery

---

[3] The Court also notes that other factors, not self-induced, have contributed to the delay, including the passing of a member of Defense counsel's family. (ECF No. 17).

7

requests. But given Defendants' efforts to respond and the scope of information implicated by Hari's requests, it is not necessary for the Court to resort to the drastic remedy of its contempt power to compel compliance with its previous order. The Court will deny Hari's motion for an order to show cause.

IV.  **MOTION TO FILE REPLY BRIEFS UNDER TEMPORARY SEAL**

For both his sanctions motion and his motion for an order to show cause, Hari has filed reply briefs. (ECF Nos. 133 and 137). The Court directed the reply brief related to the motion for an order to show cause (ECF No. 133) be filed under temporary seal at Hari's request. Hari then moved to file his reply brief related to his motion for sanctions (ECF No. 137) under seal. (ECF No. 138).

The Court will grant Hari's motion and permit both reply briefs and any related attachments to be filed under temporary seal. The parties must comply with Local Rule 5.6 and submit a joint motion regarding continued sealing for both documents. The Court notes, however, that it did not consider either reply brief in its decision. Hari's motions relate to discovery and thus are classified as non-dispositive motions under this District's Local Rules. *See* D. Minn. LR 7.1(b)(4)(A)(iii). Unless authorized by the Court, parties may not submit reply memorandums in support of non-dispositive motions. *See* D. Minn. LR 7.1(b)(3). Because Hari did not seek permission to file a reply brief, the arguments contained in his reply briefs are not properly before the Court.

V.  **FUTURE MOTION PRACTICE**

The Court has considered Hari's motions on their merits. The Court notes, however, that Hari made little attempt to meet-and-confer with Defendants before filing his motions.

As to his motion for an order to show cause, Hari simply sent Defendants a letter stating that if they did not fully respond, he intended to file his motion. (ECF No. 95). Likewise, regarding his sanction motion. Hari stated that he "attempted to meet and confer with the Defendants by sending them letters." (ECF No. 102). It does not appear that Hari waited for a response to his letters before filing his motions.

For all motions, but particularly ones where a party intends to seek sanctions, the meet-and-confer process is critical to narrowing the issues and creating the best record for the Court. This process is no mere formality – the record must establish that the parties have "engaged in a genuine and good-faith discussion" about their dispute. *Mgmt. Registry, Inc. v. A.W. Companies, Inc.*, No. 17-cv-5009, 2019 WL 2024538, at *1 (D. Minn. May 8, 2019). It is not enough for a party to send a letter stating "Comply, in full, . . . or we will file a motion[.]" *Id*. Yet that appears to be exactly what Hari did here.

Hari is proceeding pro se in this matter but must follow the Federal Rules of Civil Procedure and the Local Rules of this District. Going forward, for all motions where a meet and confer is required, Hari must file documentation with each motion that is sufficient to show that he engaged in a genuine meet and confer with opposing counsel. A simple statement that he met and conferred with opposing counsel so is insufficient. Hari must include either the correspondence that he sent to the other side and their response[4] or provide a sufficiently detailed summary of the meet and confer to show that a proper one took place. Should he not do so, the Court will deny his motions summarily going forward.

---

[4] Defense counsel is reminded to respond promptly to any correspondence. The Court will waive the meet-and-confer requirement if apparent that counsel responded untimely.

9

## VI. CONCLUSION

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Hari's Motion for Sanctions under Rule 37(e) for Spoliation of Evidence (ECF No. 102) is **DENIED.**

2. Hari's Amended Verified Motion for Rule to Show Cause (ECF No. 106) is **DENIED.**

3. Hari's motion to withdraw his original motion for rule to show cause. (ECF No. 131) is **GRANTED**.

4. Hari's request to file his reply brief under temporary seal (ECF No. 138) is **GRANTED**. The parties shall comply with this District's Local Rules in preparing a joint sealing motion for Document Numbers 133 and 137. For the reasons set forth above, the Court is not considering arguments made in either reply brief.

5. All prior consistent orders remain in full force and effect.

6. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: August 17, 2020           *s/ Tony N. Leung*
                                 Tony N. Leung
                                 United States Magistrate Judge
                                 District of Minnesota

                                 *Laughlin, et al. v. Stuart, et al.*
                                 Case No. 19-cv-2547 (ECT/TNL)