UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Malik Laughlin, Kenneth Lewis, and Michael Hari, | File No. 19-cv-2547 (ECT/TNL) |
| Plaintiffs, | |
| v. | |
| James Stuart, Sheriff of Anoka County; Jonathon Evans, Lt. Sheila Larson, Sgt. Carrie Wood, and Tessa Villergas, Deputy Sheriffs of Anoka County, | **OPINION AND ORDER** |
| Defendants. | |

_____

Malik Laughlin, Kenneth Lewis, and Michael Hari, *pro se*.

Robert I. Yount, Assistant Anoka County Attorney, Anoka, MN, for Defendants James Stuart, Jonathon Evans, Lt. Sheila Larson, and Sgt. Carrie Wood.

Gary K. Luloff and Jennifer J. Crancer, Chestnut Cambronne PA, Minneapolis, MN, for Defendant Tessa Villergas.

---

Plaintiffs Malik Laughlin, Kenneth Lewis, and Michael Hari filed this lawsuit against several Anoka County law enforcement officials, claiming that the officials violated their constitutional rights while Plaintiffs were housed in the Anoka County Jail. *See generally* Am. Compl. [ECF No. 85]. Among other things, Defendants allegedly entered Hari's cell and seized legal materials that were relevant to his ongoing criminal

case. *Id.* ¶ 23.  After Defendants[1] filed answers to Plaintiffs' complaint, ECF Nos. 27, 37, the Parties proceeded into discovery, which has proven contentious.

Hari now objects to two discovery orders issued by Magistrate Judge Tony N. Leung.  The first order, issued on July 13, 2020, denied Hari's motion to vacate a protective order and for sanctions under Federal Rule of Civil Procedure 11 ("July 13 Order").  ECF No. 92.  The second order, issued on August 17, 2020, denied Hari's motion for sanctions under Federal Rule of Civil Procedure 37(e) and for an order to show cause why Defendants should not be held in contempt for failing to comply with a discovery order ("August 17 Order").  ECF No. 142.

On review of a magistrate judge's ruling on a nondispositive issue, a district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); L.R. 72.2(a)(3); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007).  A finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed."  *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted).  A decision is contrary to law when a court "fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Id.* (quotations omitted).  This standard of review is "extremely deferential."  *Magee v. Trs. of the Hamline Univ.*, 957 F. Supp. 2d 1047, 1062 (D. Minn. 2013).  "If the

---

[1]     Plaintiffs added Deputy Tessa Villergas as a Defendant in their amended complaint on June 23, 2020.  ECF No. 85.  Counsel for Villergas filed a notice of appearance on September 25, 2020, ECF No. 234, but Villergas has not yet filed an answer to the amended complaint.

magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though had it been sitting as the trier of fact, it would have weighed the evidence differently." *Meyer v. Haeg*, No. 15-cv-2564 (SRN/HB), 2016 WL 29257, at *3 (D. Minn. Jan. 4, 2016). Hari's objections to both orders will be overruled.

I

The dispute that led to Magistrate Judge Leung's July 13 Order began on May 15, 2020, when Defendants' counsel filed a "Joint Motion for Entry of Stipulated Protective Order." ECF No. 62. According to the motion, the parties "jointly agree[d] to the proposed terms" of a protective order to govern discovery "[w]ith the exception of Plaintiffs' proposed provision 3(d)," which would have allowed Plaintiffs to use confidential discovery documents from this matter in their criminal cases. *Id.* at 1, 3, 5. Attached to the motion were signature pages from each Plaintiff. On the final page, Hari wrote that he "would sign the stipulation" if it included the disputed provision. *Id.* at 5. Hari signed at the bottom of the page. *Id.* Magistrate Judge Leung, concluding that the parties had simply left the resolution of the disputed provision to the Court, July 13 Order at 1, entered the protective order without including the disputed provision, ECF No. 68. Hari later moved to vacate the protective order and requested sanctions, arguing that he had never actually agreed to the protective order and that Defendants had misled Magistrate Judge Leung by presenting the motion as a "joint" one. ECF Nos. 72, 87.

After observing that Hari had identified no legal authority allowing a "motion to vacate" under these circumstances, Magistrate Judge Leung construed the motion as one

3

for reconsideration of the protective order. July 13 Order at 2. He then denied the motion for three reasons. First, Hari had not filed a letter showing that compelling circumstances warranted the motion, as required by the Local Rules. *Id.*; *see* L.R. 7.1(j). Second, Hari could not show "extraordinary circumstances" that would warrant relief because, even if the parties had never agreed to the protective order, Magistrate Judge Leung would have issued a "quite similar" order *sua sponte*. July 13 Order at 3 (citing *Arnold v. Cargill Inc.*, No. 01-cv-2086 (DWF/AJB), 2004 WL 2331814, at *1 (D. Minn. Oct. 13, 2004)). Third, Hari had not identified any legal authority to support the provision that he wanted to include in the protective order. *Id.* Magistrate Judge Leung also denied Hari's request for sanctions under Rule 11 because Hari had not served his motion on Defendants twenty-one days before filing it. *Id.* at 4 (citing Fed. R. Civ. P. 11(c)(2)).

Hari first argues that the denial of his motion for reconsideration of the protective order was based on a "[p]lain[ly]" erroneous factual finding: that all parties had signed and agreed to the Joint Motion for Entry of Stipulated Protective Order. Pl.'s Objs. to July 13 Order at 5–6 [ECF No. 113]. This factual premise, he says, led Magistrate Judge Leung to rule prematurely on the motion without giving Hari time to respond, *see* L.R. 7.1(b)(2), and then to conclude that it was unnecessary to reconsider the protective order. *See id.* at 6, 8–11.

These arguments do not provide a basis to reverse the July 13 Order. Under the circumstances, it was reasonable for Magistrate Judge Leung to interpret the motion the way he did. Even assuming that he misinterpreted the joint motion and should have left time for Hari to respond, however, reconsideration of the protective order required

4

something more. A motion to reconsider only "afford[s] a party the 'opportunity for relief in extraordinary circumstances.'" *Goodbye Vanilla, LLC v. Aimia Proprietary Loyalty U.S. Inc.*, No. 16-cv-0013 (WMW/SER), 2018 WL 2180251, at *1 (D. Minn. Mar. 8, 2018) (quoting *Clear Channel Outdoor, Inc. v. City of Saint Paul*, 642 F. Supp. 2d 902, 909 (D. Minn. 2009)). Granting reconsideration would simply have allowed Hari to relitigate the contents of the protective order. Given Magistrate Judge Leung's broad discretion over the contents of the order, *Northbrook Dig., LLC v. Vendio Servs., Inc.*, 625 F. Supp. 2d 728, 757 (D. Minn. 2008), and the lack of legal support for the provision that Hari wanted to add, *see Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1213 (8th Cir. 1973) ("[C]ivil discovery is not intended to be a 'back door' method of accomplishing criminal discovery." (internal quotation marks and citation omitted)), there is no reason to believe that more litigation would have led to a different protective order. *See 3M Co. v. ACS Indus., Inc.*, No. 15-cv-1889 (PAM/JSM), 2015 WL 13484695, at *3 (D. Minn. Dec. 2, 2015) (denying permission to file a motion for reconsideration because the arguments in support of it "d[id] not change the analysis or the outcome"); *cf. Moody v. Chilhowee R-IV Sch. Dist.*, No. 11-0536-CV-W-FJG, 2012 WL 71599, at *2–3 (W.D. Mo. Jan. 10, 2012) (granting a motion to reconsider because the plaintiff introduced "facts that would have dramatically changed the outcome of the [prior] ruling"). Magistrate Judge Leung's decision was not clearly erroneous or contrary to law.[2]

---

[2] In his objections, Hari also argues that Defendants did not comply with the Local Rules when they submitted a letter brief in response to his motion. Pl.'s Objs. to July 13 Order at 11. He has provided no authority suggesting that this requires reversal.

Hari also renews part of his argument under Federal Rule of Civil Procedure 11. He now appears to agree that sanctions for a violation of Rule 11(b) were inappropriate, as Magistrate Judge Leung recognized, because Hari did not serve his motion 21 days before filing it. Pl.'s Objs. to July 13 Order at 6; *see* Fed. R. Civ. P. 11(c)(2). He argues, however, that Magistrate Judge Leung was required to strike the joint motion as an "unsigned paper," Fed. R. Civ. P. 11(a), and that the 21-day safe-harbor rule does not apply to Rule 11(a). *See* Pl.'s Objs. to July 13 Order at 6–8. In support of his argument, Hari has submitted a copy of the proposed joint motion that he first received from defense counsel. ECF No. 114-1 at 6–9. This version had Hari's signature block on the first page and defense counsel's signature block on the last page. *Id.* The version eventually submitted to the Court had defense counsel's signature block on the first page, while the page containing Hari's legal position and signature came last. ECF No. 62 at 1, 5. This, Hari says, shows that defense counsel manipulated the document and functionally submitted an "unsigned paper" to Magistrate Judge Leung.

Although Magistrate Judge Leung did not explicitly address whether Rule 11(a) required him to strike the joint motion, he found that the joint motion had been "signed by all parties" and that "Defendants presented the record fairly to [him]." July 13 Order at 1–3. These findings were not clearly erroneous. How best to interpret Hari's position on the joint motion may have been subject to debate, but Hari's signature clearly appeared on the motion. Under these circumstances, Magistrate Judge Leung was not required to strike the motion from the docket.

II

Hari also challenges portions of the August 17 Order. This order addressed, among other things, Hari's Motion for Sanctions under Rule 37(e) for Spoliation of Evidence [ECF No. 102] and his Amended Verified Motion for Rule to Show Cause [ECF No. 106], which arose out of two overlapping discovery disputes.

The story behind these disputes began in June 2019, several months before Plaintiffs filed their lawsuit. At that time, jail officials returned some of the legal materials that they had allegedly seized from Hari's cell, and they informed him that the materials had been found in a particular room within the jail. Am. Compl. ¶ 23. Hari believed that surveillance video must have captured an officer retrieving his materials from the room, so he asked jail officials to give him the video and to preserve it as "evidence for federal court." ECF No. 30-1 at 12. The officials denied this request and told Hari that they did not provide video to inmates "for any reason." *Id.*

In January 2020, when the lawsuit was underway, Hari served a set of discovery requests in which he again asked Defendants to produce the video, along with many other records. ECF No. 105-1 at 2. After Defendants did not timely respond to Hari's request for production, Hari filed a motion to compel, ECF No. 45, which Magistrate Judge Leung granted on June 15, 2020, ECF No. 81. Defendants responded by producing 353 pages of documents on July 15, 2020.[3] Decl. of Robert I. Yount ¶ 8 [ECF No. 127]. The video in

---

[3] As Magistrate Judge Leung observed, Defendants have since supplemented their initial response. August 17 Order at 7; Yount Decl. ¶¶ 7–8. As of August 17, defense counsel had spent approximately forty hours working to fulfill Hari's requests. Yount Decl. ¶ 7.

question was not included.  According to Defendants' counsel, any video that had existed would have been destroyed because "Anoka County Jail cameras store video footage for approximately 30-days, after which they automatically overwrite the data with new footage on a rolling basis." *Id.* ¶ 3.

On July 22, 2020, Hari filed the two motions that led to Magistrate Judge Leung's August 17 Order.  The first sought sanctions against Defendants under Federal Rule of Civil Procedure 37(e) for spoliation of the video.  ECF No. 102 at 3–5.  The second sought an order to show cause why Defendants should not be held in contempt for failing to fully comply with the order granting his motion to compel.  ECF 106 at 1.  Magistrate Judge Leung concluded that spoliation sanctions were inappropriate because "there [was] no proof that the video in question ever existed" and that, even if it did, Hari had failed to show that Defendants had a duty to preserve the video.  August 17 Order at 4.  And he did not issue an order to show cause because Defendants had "shown good faith, reasonable efforts to comply" with the order compelling discovery.  *Id.* at 6.

In objections that do not comply with the word limits imposed by the Local Rules,[4] *see* L.R. 72.2(c)(1)(A), Hari first argues that Magistrate Judge Leung should have sanctioned Defendants for destroying the video that he sought.  Pl.'s Objs. to August 17 Order at 12–14 [ECF No. 159].  Rule 37(e) authorizes sanctions against a party who has not "take[n] reasonable steps to preserve" relevant electronically stored information.  But the duty to preserve only begins when litigation is reasonably foreseeable.  *See* Fed. R. Civ.

---

[4]    Hari is cautioned that his *pro se* status does not excuse him from compliance with the Local Rules.  *See Ernst v. Hinchliff*, 129 F. Supp. 3d 695, 726 (D. Minn. 2015).

8

P. 37(e), advisory committee's note to 2015 amendment; *E*Trade Secs. LLC v. Deutsche Bank AG*, 230 F.R.D. 582, 588 (D. Minn. 2005). And even then, a party only needs to preserve information that is "relevant to [the] future or current litigation." *Paisley Park Enters., Inc. v. Boxill*, 330 F.R.D. 226, 232 (D. Minn. 2019); *see also Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217–18 (S.D.N.Y. 2003). Whether litigation is foreseeable and whether evidence is relevant "must be viewed from the perspective of the party with control of the evidence." *Paisley Park*, 330 F.R.D. at 232 (quoting *Alabama Aircraft Indus., Inc. v. Boeing Co.*, 319 F.R.D. 730, 740 (N.D. Ala. 2017)).

Even assuming that the video existed, which Defendants do not seem to dispute, Magistrate Judge Leung reasonably concluded that Defendants had no duty to preserve it. "The undeniable reality is that litigation is an ever-present possibility in our society," *Remote Techs., Inc. v. Data Int'l Co.*, No. 10-cv-1678 (MJD/JSM), 2012 WL 13028154, at *13 (D. Minn. July 31, 2012) (quoting *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 621 (D. Colo. 2007) (internal quotation marks and citation omitted)), and as Magistrate Judge Leung observed, the "volume of threatened litigation" is especially high in the prison system. August 17 Order at 5. Under these circumstances, Hari's vague demand that Defendants preserve the video as "evidence for federal court" did not give Defendants enough information to assess whether the video would in fact be relevant to future litigation. Hari claims that Defendants should have preserved the video because, by the time he made this initial demand, they had already instituted a "litigation hold" for emails that were relevant to another case involving Hari. Pl.'s Objs. to August 17 Order at 12–14. But this matters for determining *when* Defendants should have reasonably

9

anticipated litigation, not *what* documents they should have preserved for *this* litigation. *See Zubulake*, 220 F.R.D. at 216 (explaining that "when" and "what" are separate questions in this context).  It was not clearly erroneous or contrary to law to deny Hari's sanctions motion.

Hari also argues that Magistrate Judge Leung erred by declining to consider reply briefs that he filed in support of his motions.  Under the Local Rules, "a party must not file a reply memorandum in support of a non-dispositive motion," "[e]xcept with the court's prior permission."  L.R. 7.1(b)(3).  Hari does not dispute that he failed to seek permission to file reply briefs, but he argues that the rules for dispositive motions should apply because his sanctions motion sought a "default judgment" and his show-cause motion sought "injunctive relief."  Pl.'s Objs. to August 17 Order at 16–18; *see* L.R. 7.1(c)(6).  He provides no authority, however, for the proposition that a party can transform a non-dispositive motion into a dispositive one simply by requesting dispositive relief.  The Local Rules specifically classify "discovery-related motions" as "[n]ondispositive," L.R. 7.1(b)(4)(iii), and "[a] majority of circuits treat sanctions as non-dispositive matters unless the sanction *awarded* by a magistrate judge disposes of a claim."  *Smith v. Bradley Pizza, Inc.*, No. 17-cv-2032 (ECT/KMM), 2019 WL 2448575, at *10 (D. Minn. June 12, 2019) (emphasis added); *see also Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 118 (S.D.N.Y. 2018).  Magistrate Judge Leung correctly treated Hari's discovery-related motions as non-dispositive and declined to consider his reply briefs.

Because Hari does not raise any other substantial arguments against the order denying his motion for an order to show cause,[5] his objections will be overruled.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED THAT** Plaintiff Michael Hari's objections [ECF Nos. 113, 159] to the July 13 and August 17 Orders [ECF Nos. 92, 142] are **OVERRULED** as follows:

1. Hari's objection to Magistrate Judge Leung's ruling denying his Verified Motion to Vacate Order and Strike Motion, and for Sanctions [ECF No. 87] is **OVERRULED** and that ruling is **AFFIRMED**.

2. Hari's objection to Magistrate Judge Leung's ruling denying his Motion for Sanctions under Rule 37(e) for Spoliation of Evidence [ECF No. 102] is **OVERRULED** and that ruling is **AFFIRMED**.

3. Hari's objection to Magistrate Judge Leung's ruling denying his Amended Verified Motion for Rule to Show Cause [ECF No. 106] is **OVERRULED** and that ruling is **AFFIRMED**.

Dated:  September 29, 2020         s/ Eric C. Tostrud
                                   Eric C. Tostrud
                                   United States District Court

---

[5] Hari includes a passing challenge to Magistrate Judge Leung's conclusion that Defendants could not be held in contempt for withholding documents that the Parties refer to as "Post Orders." ECF No. 109-1 at 18; August 17 Order at 7. Magistrate Judge Leung reasoned that Defendants had not "clearly violated" the discovery order by withholding these documents because Hari had failed to show that they were responsive to his discovery request or relevant to his claims. August 17 Order at 7; *see Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 504–05 (8th Cir. 2000) (explaining what is required to hold a party in contempt). Hari asserts that this was error because "Defendants already identified the Post Orders as being responsive to [his] request." Pl.'s Objs. to August 17 Order at 2. Even if Defendants made this subjective determination, however, Hari still has not explained how the documents he seeks are relevant to the case by any objective measure. Magistrate Judge Leung's decision was not clearly erroneous or contrary to law.