**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Malik Laughlin, et al.,

Plaintiffs,

v.

James Stuart, et al.,

Defendants.

Case No. 19-cv-2547 (ECT/TNL)

**ORDER**

---

Malik Laughlin, MCF-Stillwater, 970 Pickett Street North, Bayport, MN 55003; Kenneth Lewis, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330;[1] Michael Hari, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330 (pro se Plaintiffs); and

Robert I. Yount, Assistant Anoka County Attorney, Government Center, 2100 Third Avenue, Suite 720, Anoka, MN 55303 (for Defendants).

---

This matter is before the Court on County Defendants' Motion to Stay (ECF No. 188).[2] For the reasons set forth below, the Court will deny this motion.

## I. INTRODUCTION

Plaintiffs Malik Laughlin, Kenneth Lewis, and Michael Hari brought this action pursuant to 42 U.S.C. § 1983 in August 2019. (ECF No. 1.) Their original complaint arose from events that occurred while all three were inmates at the Anoka County Jail. (*Id.*) This

[1] Plaintiffs Hari and Laughlin both recently provided this address for Plaintiff Lewis. (*See* ECF Nos. 262, 264.) A recent search of the Sherburne County Jail shows Lewis is currently in custody. *See* https://inmatelocatorext.co.sherburne mn.us/inmatelocator/ (last visited December 28, 2020).

[2] Defendants Anoka County Sherriff James Stuart, Anoka County Deputy Sheriff Jonathon Evans, Anoka County Deputy Sheriff Lieutenant Sheila Larson, and Anoka County Deputy Sheriff Sergeant Carrie Wood bring this motion, referring to themselves collectively as "County Defendants" in their filings. (*See, e.g.*, ECF No. 188.) As of the time of filing of this Order, Defendant Tessa Villegas has not indicated her position as to this motion.

included allegations that jail employees inhibited Plaintiffs' ability to communicate with their attorneys and review legal materials, and that jail employees reviewed materials subject to attorney-client privilege. (*Id.* at 6-10.) In an inmate grievance attached as an exhibit to the complaint, Hari alleged Anoka County Jail officials took "legal discovery material" from his jail cell. (ECF No. 1-1 at 9.)

In May of 2020, County Defendants filed a joint motion for entry of a stipulated protective order. (ECF No. 62.) The parties agreed to all terms of the proposed order, except that Hari and Laughlin wanted to include language allowing them to use information designated as confidential in certain criminal proceedings. (*Id*.) The Court issued the protective order on May 20, 2020 and did not include the requested language. (ECF. No. 68.) In fact, the protective order expressly provided:

> All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 3 [of the protective order].

(ECF No. 68 at 6.)

Hari filed a motion to vacate the protective order and to impose sanctions on County Defendants and their counsel pursuant to Federal Rule of Civil Procedure 11 (ECF No. 87), which the Court construed as a motion to reconsider. (*See* ECF No. 92 at 2.) In denying Hari's motion, the Court noted, "[t]ypically, 'civil discovery is not intended to be a back door method of accomplishing criminal discovery.'" (*Id.* at 3 (quoting *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1213 (8th Cir. 1973)).) The Court also

cautioned that it would "not authorize Hari to use confidential documents in this litigation in any way he wishes in another proceeding." (ECF No. 92 at 3-4.) Around the same time the Court issued the protective order, Plaintiffs filed a motion to amend their complaint. (ECF No. 64.) Plaintiffs proposed adding extensive claims specific to Hari. (*Id.*) These claims related to allegations that employees of multiple law enforcement agencies and correctional facilities collected and reviewed Hari's privileged telephone calls; correctional officers at the Sherburne County Jail monitored Hari's use of a computer to view discovery and correspond with his attorney; unidentified Marshals in Illinois seized Hari's legal mail and disclosed information in it; mail that Hari sent from the Sherburne County Jail was opened, disclosed, and, in some cases, altered and delayed in delivery; and certain correctional officers searched Hari's cell and read his legal materials. (ECF No. 64-1 at 17-26.) The Court granted in part and denied in part Plaintiffs' motion, notably denying the motion to amend with regard to Hari's newly outlined claims. (ECF No. 81.) Hari subsequently brought these claims in a separate suit in June 2020. *See Michael Hari v. Joel Smith, et al.*, No. 20-cv-1455 (ECT/TNL) (D. Minn.).

On September 1, 2020, defense counsel in Hari's criminal case in this district, *United States v. Hari*, No. 18-cr-150 (DWF/HB) (D. Minn.), subpoenaed counsel for County Defendants, seeking "[a]ll case materials, excluding attorney-client work product, conveyed by the Anoka County Attorney's Office to the plaintiff Michael Hari subsequent to the issuance of the current protective order in 0:19-CV-1330 (ECT/TNL)

Hari v. Stuart et al." (ECF No. 190-1. [3]) County Defendants then filed this motion to stay. (ECF No. 188.) All three Plaintiffs oppose County Defendants' motion. (*See* ECF Nos. 222, 233, 241.)

At the time County Defendants' motion was filed, Lewis and Hari were detained in Sherburne County Jail.[4] Lewis was pending trial in *United States v. Lewis*, No. 18-cr-194 (NEB/DTS) (D. Minn.). Hari was detained pending multiple federal charges in two states. *See United States v. Hari*, No. 18-cr-150 (DWF/HB) (D. Minn.); *United States v. Hari et al.*, No. 2:18-cr-20014 (MMM/EIL) (C.D. Ill.)[5] On September 25, 2020, following a five-day jury trial before the Honorable Nancy E. Brasel, Lewis was found not guilty. (*See* ECF No. 171 in No. 18-cr-194.) On December 9, 2020, following a jury trial before the Honorable Donovan W. Frank, Hari was found guilty and convicted of the five charges against him related to the bombing of the Dar Al-Farooq Islamic Center and Mosque in Bloomington, Minnesota. (*See* ECF No. 324 in No. 18-cr-150.) Hari remains detained at the Sherburne County Jail pending sentencing in the District of Minnesota case and trial in the Central District of Illinois case.

---

[3] In their memorandum of law supporting their motion to stay, County Defendants note that, although No. 19-cv-1330 is the case number for a different civil matter brought by Hari, they believe that Hari's criminal defense counsel was referring to the present action as the subpoena references a protective order. (Cty. Defs.' Memo in Supp. of Mot. to Stay ("Defs.' Memo.") at 7 n.5, ECF No. 189.) While it is impossible to know for certain which case Hari's defense counsel is referencing in their subpoena, County Defendants are correct that there has been no protective order issued in No. 19-cv-1330.

[4] Laughlin pleaded guilty in four Anoka County cases on August 13, 2019 and is currently incarcerated at MCF-Stillwater. *See* Minnesota Department of Corrections Offender Locator, https://coms.doc.state mn.us/publicviewer/OffenderDetails/Index/259995/Search (last visited December 29, 2020); Minnesota Trial Court Public Access Remote View of Criminal Case Records, http://pa.courts.state.mn.us/Search.aspx?ID=100 (search case numbers 20-CR-18-2752, 20-CR-18-2794, 20-CR-18-3408, and 20-CR-19-3820).

[5] In the Central District of Illinois matter, Hari is charged with possession of a machinegun in violation of 18 U.S.C. § 922(o). (*See* ECF No. 1 in No. 2:18-cr-20014 (MMM/EIL) (C.D. Ill.).)

Since the filing of County Defendants' motion, Plaintiffs have filed a number of motions and letters with regards to discovery in this matter, including, but not limited to: Hari and Lewis's "Re: 19cv2547 Continued Sealing/Request for permission to file Motion to Reconsider Anoka County Attorney/Client Communication Interception" (ECF No. 193); Hari's "Motion and Memorandum in Support for Further Consideration of Sealing of Documents 133, 134, 137, 144, 147, and 159 Under LR 5.6(d)(3)" (ECF No. 208); Hari's "Verified Motion for An Order Compelling Production for the Purpose of in camera Review and Memorandum in Support" (ECF No. 227); and Hari's "Motion for Sanctions Under Rule 37(e) for Spoliation of Evidence and Brief in Support" (ECF No. 229). Each of these motions discuss documents that Plaintiffs, especially Hari, want unsealed and/or relates to Hari's claims law enforcement officials infringed upon his privileged communications.

In summary, the trial in Hari's criminal case in Minnesota, No. 18-cr-150 (hereinafter "Minnesota prosecution"), concluded on December 9, 2020. (*See* ECF No. 324 in No. 18-cr-150.) He awaits sentencing and has not filed any post-trial motions. (*See generally* No. 18-cr-150.) Jury selection and trial in Hari's Illinois criminal case, No. 2:18-cr-20014, is scheduled to commence on March 22, 2021. (*See* 8/31/2020 Minute Entry in No. 2:18-cr-20014 (MMM/EIL) (C.D. Ill.).) Lewis was acquitted on September 25, 2020. (*See* ECF No. 171 in 18-cr-194.) On August 13, 2019, Laughlin pleaded guilty in Anoka County cases 20-CR-18-2752, 20-CR-18-2794, 20-CR-18-3408, and 20-CR-19-3820, and he is currently imprisoned in MCF-Stillwater. *See supra* note 4.

## II. ANALYSIS

### A. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). "[T]he Fifth Amendment does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Fid. Nat'l Title Ins. Co. of New York v. Nat'l Title Res. Corp.*, 980 F. Supp. 1022, 1023-24 (D. Minn. 1997) [hereinafter *Fid Nat'l Title Ins. Co.*] (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 322 (9th Cir. 1995), *cert. denied*, 516 U.S. 827 (1995)). But, "[a] stay of a civil trial until *factually related* criminal proceedings are concluded is sometimes warranted." *Koester v. Am. Republic Invs., Inc.*, 11 F.3d 818, 823 (8th Cir. 1993) (emphasis added); *see United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) ("Federal courts have deferred civil proceedings pending the completion of *parallel criminal prosecutions* when the interests of justice seemed to require such action . . .") (emphasis added); *Johnson v. New York City Police Dep't*, No. 01 Civ. 6570(RCC)(JCF), 2003 WL 21664882, at *2 (S.D.N.Y. July 16, 2003) ("A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter.").

In determining whether to stay the civil action, "a Court must consider the particular circumstances, and the competing interests, that are involved in each case." *Fid. Nat'l Title Ins. Co.*, 980 F. Supp. at 1024 (citing *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)). "In the absence of substantial prejudice to the rights of the

parties involved, [simultaneously] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." *Id.* at 1024 (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)).

County Defendants move to stay this litigation on the grounds that it is being used to "backdoor civil discovery" for Lewis and Hari's federal prosecutions.[6] They contend that "[t]he future of this case is inextricably linked to their criminal cases—and could deleteriously impact them if allowed to proceed." (Defs.' Memo. at 1.) County Defendants also argue that granting a stay until the conclusion of Hari's Minnesota prosecution could streamline issues and discovery in this matter. (*See generally* Defs.' Memo. at 12-16.)

These arguments are unpersuasive. First, this matter is not a parallel proceeding to Hari's Minnesota prosecution, where he was recently convicted of five charges related to the bombing of an Islamic center and mosque in Bloomington, Minnesota. (*See* ECF No. 1 in No. 18-cr-150.) Second, the United States has not intervened in this matter to request a stay. Third, the conclusion of the trial in Hari's Minnesota prosecution, the postures of Lewis's and Laughlin's criminal matters, and the late stages of this civil matter do not support a stay. Finally, the Court is able to handle discovery disputes in the ordinary course of litigation, making a stay unnecessary.

**B. This Case is Not a Parallel Proceeding**

This case is not parallel to Hari's Minnesota prosecution. "The most important

[6] As noted, *supra*, Lewis has since been acquitted. (*See* ECF No. 171 in No. 18-cr-194.) Hari has been convicted. (*See* ECF No. 324 in No. 18-cr-150.) Laughlin has also been convicted. *See* Minnesota Trial Court Public Access Remote View of Criminal Case Records, http://pa.courts.state mn.us/Search.aspx?ID=100 (search case numbers 20-CR-18-2752, 20-CR-18-2794, 20-CR-18-3408, and 20-CR-19-3820).

threshold issue in determining whether to grant the stay stems from the degree to which the issues in the parallel civil and criminal proceedings overlap." *SEC v. Coburn*, Civil Action No. 19-5820 (KM)(MAH), 2019 WL 6013139, at *3 (D.N.J. Nov. 14, 2019) (citation omitted). County Defendants advocate using the six-factor test in *Keating* to determine whether a stay is warranted. (Defs.' Memo. at 8-9 (citing *Keating*, 45 F.3d at 324-25).) The parallel circumstances *Keating* and many of the other cases cited by County Defendants involved a defendant having to defend him or herself simultaneously under a similar set of facts in both the civil and criminal matters. The juxtaposition of these proceedings can lead to Fifth Amendment issues. *See, e.g.*, *Keating*, 45 F.3d at 324-25; *Ruszczyk as Tr. for Ruszczyk v. Noor*, 349 F. Supp. 3d 754 (D. Minn. 2018); *Crawford & Sons, Ltd. v. Besser*, 298 F. Supp. 2d 317 (E.D.N.Y. 2004); *Fid. Nat'l Title Ins. Co.*, 980 F. Supp. at 1022. County Defendants even concede that "[d]efendants seeking to stay a civil mater pending a criminal prosecution typically cite Fifth Amendment concerns." (Defs.' Memo. at 8 (citing *Gen. Dynamics Corp.*, 481 F.2d at 1214).[7])

Presently, one of the three Plaintiffs—Hari—was recently convicted in a separate criminal proceeding in this district that arises under completely different factual circumstances. Even County Defendants acknowledge that Hari's Minnesota prosecution

[7] County Defendants then write, "but that is only one reason recognized at law. The Court also has discretion to enter a stay in the interests of justice or if the two trials would 'so overlap that effective defense of both is impossible.'" (Defs.' Memo. at 8 (citing *Koester*, 11 F.3d at 823).) The Court is not persuaded by this argument. First, even this quotation supposes that one party is defending themselves under a similar set of facts in both a civil and criminal matter. Second, *Koester* also involved a defendant seeking to stay his civil matter pending his criminal prosecution for similar Fifth Amendment reasons. *See Koester*, 11 F.3d at 823 ("However, a civil defendant cannot hide behind a blanket invocation of the Fifth Amendment privilege. Therefore, to warrant a stay, defendant must make a strong showing that either the two proceedings are so interrelated that he cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege, or that the two trials will so overlap that effective defense of both is impossible." (internal citation omitted).)

does not involve the same set of facts. (*See* Defs.' Memo. at 19 (calling this an "*unrelated* civil lawsuit.") (emphasis in original).) Thus, while instructive, the *Keating* factors are not determinative. The fact that this matter is not parallel and shares little with Hari's Minnesota prosecution weighs strongly against granting a stay.

**C. The United States Has Not Intervened in This Matter**

The fact that the United States has not intervened in this matter also weighs strongly against granting a stay. "Under certain circumstances, a court may, in its discretion, grant a stay of a pending civil action in order to avoid interfering in a pending criminal prosecution . . . . The rationale behind such a stay is that a litigant should not be allowed to use the liberal discovery procedures applicable to a civil suit to avoid restrictions on criminal discovery and obtain documents he would not otherwise be entitled to for use in his criminal suit." *Turley v. United States*, No. 02-4066-CV-C-NKL, 2002 WL 31097225, at *2 (W.D. Mo. Aug. 22, 2002) (citing *Campbell v. Eastland*, 307 F.2d 478, 488 (5th Cir. 1962), *cert. denied*, 371 U.S. 955 (1963)). In deciding whether to grant a stay, "courts must balance the right of the civil litigant to a reasonably prompt determination of his claims with the public interest in law enforcement." *Id.* (citing *Campbell*, 307 F.2d at 487). "The distinction between [civil and criminal] discovery protocols is not idle: criminal discovery is narrower because of concerns that criminal defendants may use this information to impede investigations into them, tamper with witnesses, or craft more airtight perjured testimony." *Commodity Futures Trading Comm'n v. Nowak*, No. 19-cv-6163, 2020 WL 3050225 at *2 (N.D. Ill. June 8, 2020).

County Defendants argue that Hari's Minnesota prosecution may be "deleteriously

impacted" by this civil-rights action. Their argument is not availing, however, when the prosecuting entity itself is claiming no such impact. Similarly, County Defendants argue that Hari's actions in this matter will undoubtedly affect his Minnesota prosecution, going so far as to state his "goal in this civil case is to seek dismissal of [his] criminal case[]." (Defs.' Memo. at 13.) This too must be viewed with a certain degree of skepticism as County Defendants are not necessarily privy to the details of Hari's Minnesota prosecution.

County Defendants point out that they have been subpoenaed in Hari's Minnesota prosecution. (*See* Defs.' Memo. at 7, 11-12.) They also point out that Hari has subpoenaed the federal prosecutors and agents involved in Lewis's prosecution to testify at his criminal trial, again expressing concern over potentially impacting the Minnesota prosecution. (*Id.* at 6, 17-18.) Yet, however well-meaning County Defendants' concerns may be, and without the Court's need to delve further into the County Defendants' suspicion that the discovery disputed here is part of Hari's short and long-term criminal defense strategy in his federal prosecutions, the United States has not sought to intervene in this matter or otherwise assert that, absent a stay of these proceedings, the integrity of Hari's Minnesota prosecution is at stake.[8] This weighs against granting a stay in this matter.

Further, the Court might be more inclined to issue a stay if the pendency of both proceedings threatened to compromise the integrity of the federal investigation, or if proceeding with both this case and the criminal matters at the same time compromised a party's ability to defend itself in either proceeding. *See SEC v. O'Neill*, 98 F. Supp. 3d

[8] Though County Defendants do not discuss Hari's pending criminal case in the Central District of Illinois as a basis for staying this case, the Court notes the prosecutors in that matter have also not intervened in this case.

219, 222 (D. Mass. 2015) (denying stay of civil proceeding pending resolution of parallel criminal proceeding). The United States has taken no position on County Defendants' motion and has not filed a motion to intervene. Further, trial in Hari's Minnesota prosecution concluded December 9, 2020. In addition, neither Hari nor Lewis have expressed Fifth Amendment concerns, and both oppose the requested stay. (*See* ECF Nos. 222, 233.) This, too, weighs against granting County Defendants' motion. *See SEC v. Balwani*, Case No. 5:18-cv-01603-EJD, 2019 WL 2491963, at *4 (N.D. Calif. June 14, 2019) (finding that a stay is not supported when a defendant does not express Fifth Amendment concerns and opposes a stay).

Similarly, County Defendants' supposition about subpoenas served on certain individuals involved with Hari's Minnesota prosecution is just that—supposition. It is up to the individuals served with the subpoenas to respond or otherwise seek appropriate relief. Again, the Court finds significant the United States has not sought the type of stay requested by County Defendants. There is not a sufficient showing to warrant a stay based on a purported impact on Hari's criminal prosecution.

**D. Discovery in this Matter is Largely Complete and the Status of the Criminal Prosecutions Weigh Against Granting a Stay**

The stage of the relevant proceedings—this case, Hari's Minnesota prosecution (currently pending sentencing), Laughlin's guilty pleas, and Lewis's now-concluded prosecution—also weighs against granting a stay. County Defendants acknowledge that "this motion comes late in the case." (Defs.' Memo. at 13.) Indeed, while there are some discovery matters pending before the Court, discovery was already coming to a close. (*See*

Pretrial Scheduling Order, ECF No. 82.) At the time County Defendants' motion was filed, there were less than 30 days remaining in fact discovery.[9] (*Id.*)

Nevertheless, County Defendants continue to argue that staying this matter will streamline discovery in this case, suggesting that Hari's criminal trial will resolve many of the issues in this case.[10] It is true that courts stay civil actions pending the conclusion of parallel criminal cases to promote efficiency, avoid duplication, reduce the scope of civil discovery, or simplify the issues. *See Crawford & Sons, Ltd.*, 298 F. Supp. 2d at 319-20; *Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985) (citing *Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3d Cir. 1967)). But it bears repeating, as discussed above, that County Defendants are not parties in Hari's Minnesota prosecution. In any event, discovery in this matter is nearly complete. *See O'Neill*, 98 F. Supp. 3d at 222 (finding that the late stage of the prosecution weighed against granting a stay). Granting a stay this late in the proceedings would prejudice Plaintiffs without any specifically articulated benefit to County Defendants. *See Balwani*, 2019 WL 2491963, at *4-5 (denying stay of parallel civil proceedings); *cf. O'Neill*, 98 F. Supp. 3d at 223. County Defendants speculate that Hari's conviction or acquittal will settle the matter of whether Anoka County Jail employees violated Hari's civil rights. *See Balwani*, 2019 WL 2491963, at *3 (concluding

---

[9] As noted above, there are outstanding discovery disputes to address, filed by both Plaintiffs and County Defendants, that could alter deadlines in this matter. However, even considering these outstanding disputes, discovery is almost complete.

[10] (*See, e.g.*, Defs.' Memo. at 12 ("The Final verdict[] in [Hari's] criminal case[] will resolve some or all of the issues in this case . . . If Judge Frank in Hari's case finds that no one intercepted his legal mail, or if [the jury] ultimately convicts [him] regardless of the alleged interceptions, their causes of action here may be moot."); *id.* at 14 ("Allowing the court in Hari's criminal case to [sic] first on his issues first will limit or eliminate the need for discovery and motion practice in this case."); *id.* at 15 (arguing it would be "redundant to continue litigating the narrow claim against the county" now that Hari is challenging evidence in his criminal case).)

the government's argument that a criminal trial would streamline the civil action was a "gamble.") But even assuming arguendo that this were true, there are two other Plaintiffs with claims to litigate in this lawsuit. Given the facts of this case, a stay at this point would be disproportional and unfair to all three Plaintiffs, weighing against a stay. *Id.*

County Defendants also suggest that because Plaintiffs are no longer housed in Anoka County, and because their claims are discrete and no longer occurring, they would not be prejudiced by a stay. (Defs.' Memo. at 9-10.) Plaintiffs, however, "have a legitimate interest in the expeditious resolution of their case." *Tr. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995); *see also Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 947 (N.D. Ill. 2008); *Fid. Nat'l Title Ins. Co.*, 980 F. Supp. at 1024; *cf.* Fed. R. Civ. P. 1.

County Defendants ask this Court to stay this matter "until [Lewis and Hari's] criminal actions are concluded at the trial level and the parties have identified the relevant issues for appellate review."[11] (Defs.' Memo. at 10 n.7.) Lewis is no longer facing criminal charges in this district. Hari's trial concluded on December 10, 2020 and he awaits sentencing.[12]

The Court certainly appreciates that it would be easier and more convenient for County Defendants to litigate this case after Hari has been sentenced and, if he so chooses,

---

[11] While County Defendants do not discuss the status of Laughlin's criminal matters, the Court again notes that Laughlin has pleaded guilty to various state charges and is currently incarcerated.

[12] As of the time this Order was issued, Hari had not filed a motion for a new trial. *See* Fed. R. Crim. P. 33(b)(1)-(2) (giving a defendant three years from a guilty verdict to move for a new trial when the motion is based on newly discovered evidence, and 14 days from a guilty verdict when the motion is based on any other grounds). Hari's time to file a motion for a judgment of acquittal after a jury verdict has expired. *See* Fed. R. Crim. P. 29(c)(1) ("A defendant may move for a judgment of acquittal . . . within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.").

appeals. Yet, County Defendants are certainly not strangers to the pendency of multiple proceedings at any given time. Ultimately, the late stage of the criminal and civil proceedings weighs against granting a stay, especially considering the prejudice to Plaintiffs in the form of delayed resolution of their civil-rights claims.

**E. This Court is Able to Address Discovery Disputes in the Ordinary Course**

Finally, the Court is well-equipped to handle County Defendants' concerns over potential discovery abuse in the ordinary course, rendering a stay unnecessary. County Defendants contend that Hari "has beg[u]n to file and demand information beyond the penumbra of the County Defendants' conduct." (Defs.' Memo. at 5.) In essence, County Defendants are arguing that the information sought in discovery is not relevant to Plaintiffs' claims. While this has undoubtedly forced County Defendants into motion practice they would prefer to avoid, it does not warrant staying a civil action.

The remedy for an irrelevant or unduly burdensome discovery request, or concerns over the scope of discovery, is not typically a stay of litigation. The remedy to address discovery requests that seek information not relevant to the claims and defenses or that are disproportionate to the needs of the case is to seek a protective order demonstrating that the discovery sought does not fall within the parameters of Rule 26(b) or should be otherwise circumscribed under Rule 26(c). *See generally* Fed. R. Civ. P. 26(b)(2)(C), 26(c). Indeed, as County Defendants highlight, this Court has already limited the expansion of claims in this matter as well as limited discovery. (*See, e.g.*, ECF Nos. 81 (denying in part motion to amend complaint); 92 (denying Hari's motion to vacate the protective order).)

County Defendants also assert that "[w]hen discovery was limited to determining what a county employee did or didn't do, County Defendants agreed Plaintiffs' claims against the County could proceed independent of their federal cases." (Defs.' Memo. at 13.) But, as stated above, allegations regarding County Defendants' interference with Plaintiffs' legal communications, whether meritorious or not, have been present since the outset of this litigation. (*See* ECF No. 1 at 6-10; ECF No. 1-1 at 9.)

"The Court is not unsympathetic to [County Defendants'] concerns that [Hari] may attempt to overreach in civil discovery, but the Court is capable of addressing such concerns with a scalpel instead of a saw." *Balwani*, 2019 WL 2491963, at *4. In fact, this is something the Court has already done in this matter when it limited Hari's ability to amend the original complaint. (*See* ECF No. 81.) *Cf. Balwani*, 2019 WL 2491963, at *3 (stating that parties and nonparties alike may object to a criminal defendant's discovery requests in a civil case and the court will decide those objections "on a case-by-case basis.") Similarly, any issues County Defendants have with the subpoena served upon them in connection with the Minnesota prosecution is for them to assert in that proceeding. This Court will continue to address discovery disputes if they are timely raised in this case—as the Court has for the past 16 months. A stay of these proceedings, however, is not warranted.

**F. Conclusion**

The Court has considered the circumstances of the criminal and civil cases and the competing interests of the parties. *See Fid. Nat'l Title Ins. Co.*, 980 F. Supp. at 1024 (citation omitted). This case is not parallel with Hari's Minnesota prosecution; the United

States has not intervened in this matter; the mature or completed posture of each case weighs against a stay; and this Court can address discovery disputes in this matter as they arise without staying this litigation. The Court will deny County Defendants' motion.

## III. ORDER

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. County Defendants' Motion to Stay (ECF No. 188) is **DENIED**.

2. All prior consistent orders remain in full force and effect.

3. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: December 29, 2020

*s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Laughlin, et al. v. Stuart, et al.*
Case No. 19-cv-2547 (ECT/TNL)