UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Malik Laughlin, et al.,            Case No. 19-cv-2547 (ECT/TNL)

       Plaintiffs,

v.                                         **ORDER**

James Stuart, et al.,

       Defendants.

---

Malik Laughlin, MCF-Stillwater, 970 Pickett Street North, Bayport, MN 55003; Kenneth Lewis, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330;[1] Michael Hari, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330 (pro se Plaintiffs);

Robert I. Yount, Assistant Anoka County Attorney, Government Center, 2100 Third Avenue, Suite 720, Anoka, MN 55303 (for Defendants James Stuart, Jonathon Evans, Lt. Sheila Larson, and Sgt. Carrie Wood); and

Gary K. Luloff and Jennifer J. Crancer, Chestnut Cambronne PA, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401 (for Defendant Tessa Villegas).

---

This matter is before the Court on Plaintiffs' "Joint Motion for Leave to Amend Rights Complaint" (ECF No. 176) and County Defendants' Motion to Modify the Scheduling Order (ECF No. 280).[2]  For the reasons set forth below, the Court will grant in part and deny in part each motion.

---

[1] Plaintiffs Hari and Laughlin both provided this address for Plaintiff Lewis. (*See* ECF Nos. 262, 264.)  A recent search of the Sherburne County Jail shows Lewis is currently in custody. *See* https://inmatelocatorext.co.sherburne mn.us/inmatelocator/ (last visited February 23, 2021).
[2] As of the filing of this Order, Defendant Tessa Villegas has taken no position on either motion.

1

## I.  BACKGROUND

Plaintiffs Malik Laughlin, Kenneth Lewis, and Michael Hari brought this action pursuant to 42 U.S.C. § 1983 in August 2019. (ECF No. 1.) Their original complaint arose from events that occurred while all three were inmates at the Anoka County Jail. (*Id.*) This included allegations that jail employees (1) provided inadequate dietary nutrition in violation of the Fifth and Fourteenth Amendments; (2) inhibited each Plaintiffs' ability to communicate with their attorneys and review legal materials, and that jail employees reviewed materials subject to attorney-client privilege in violation of their Fifth, Sixth, and Fourteenth Amendment rights;[3] (3) performed "sexually abusive patdowns" in violation of their Fifth and Eighth Amendment rights; (4) failed to provide adequate access to discovery in their criminal cases in violation of their Fifth, Sixth, and Fourteenth Amendment rights; (5) failed to provide adequate access to the jail's law library in violation of their Fifth and Fourteenth Amendment rights; and (6) violated their Fifth and Fourteenth amendment rights through disciplinary segregation. (*Id.*)

Plaintiffs previously filed a motion to amend their complaint in May of 2020. (ECF No. 64.) Plaintiffs proposed adding extensive claims specific to Hari. (*Id.*) These claims related to allegations that employees of multiple law enforcement agencies and correctional facilities collected and reviewed Hari's privileged telephone calls; correctional officers at the Sherburne County Jail monitored Hari's use of a computer to view discovery and correspond with his attorney; unidentified Marshals in Illinois seized

---

[3] Notably, in an inmate grievance attached as an exhibit to the complaint, Hari alleged Anoka County Jail officials took "legal discovery material" from his jail cell. (ECF No. 1-1 at 9.)

Hari's legal mail and disclosed information in it; mail that Hari sent from the Sherburne County Jail was opened, disclosed, and, in some cases, altered and delayed in delivery; and certain correctional officers searched Hari's cell and read his legal materials. (ECF No. 64-1 at 17-26.)

The Court granted in part and denied in part Plaintiffs' motion. Plaintiffs were granted leave to file an amended complaint adding certain claims and supporting allegations under 42 U.S.C. § 1983: namely, violations of Laughlin's rights under the First Amendment as to Wood and Evans; and violations of Lewis's rights under the First and Sixth Amendments as to Stuart and Villegas. (ECF No. 81.) The order denied the motion to amend with regard to Hari's newly outlined claims.[4] (*Id.*) Plaintiffs filed their Amended Civil Rights Complaint on June 23, 2020. (ECF No. 85.)

On June 15, 2020, the Court issued a Pretrial Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b). (ECF No. 82.) This Order established the following deadlines:

- Fact discovery was to be completed by September 23, 2020;
- Motions to amend the pleadings were to be filed on or before June 19, 2020;
- Nondispositive motions were to be filed on or before September 23, 2020;
- Dispositive motions were to be filed on or before November 23, 2020; and
- The case was to be trial ready as of February 23, 2021.

---

[4] Hari subsequently brought these claims in a separate suit in June 2020. *See Michael Hari v. Joel Smith, et al.*, No. 20-cv-1455 (ECT/TNL) (D. Minn.).

3

(*Id.* at 1-2.)

On September 2, 2020, Plaintiffs filed this second motion for leave to amend their complaint. (ECF No. 176.) Citing knowledge gained through the discovery process, Plaintiffs seek to amend the operative complaint as follows:

- Remove Plaintiffs' claims based on sexually abusive pat-down searches, punitive diet in segregation, and punitive disciplinary segregation;

- Add various pieces of factual evidence obtained in discovery in support of their claims, "primarily for the lawyer client violations of mail and telephone privilege and privacy" claims; and

- Hari seeks to add a Sixth Amendment claim against Anoka County Deputy Jesse Rasmussen for seizing a piece of his legal mail in June of 2019.

(*Id.* at 2; *see also* Pls.' Proposed 2nd Am. Civil Rights Compl., ECF No. 178.) In response, County Defendants have filed a memorandum in which they oppose some, but not all, of these proposed amendments. (*See* ECF No. 211.)

On October 27, 2020, Defendant Villegas filed a motion to dismiss. (ECF No. 248.) On January 26, 2021, County Defendants filed their motion to modify the scheduling order. (ECF No. 280.) County Defendants seek a modification of the scheduling order to "permit for closure of fact discovery and the opportunity [to] bring dispositive motion practice before proceeding to a civil jury trial, if required, in accordance with governing health and court restrictions." (ECF No. 282 at 9.) County Defendants ask the Court to extend the fact discovery, nondispositive motion, dispositive motion, and trial ready date deadlines by

4

60 days. (*Id.* at 8-9.)  Hari opposes this motion for a variety of reasons. (*See* ECF No. 288.)

## II. ANALYSIS

Both Plaintiffs' and County Defendants' requests would require a modification of the Court's Pretrial Scheduling Order.  The Court discusses these requests below.

### A. Rule 15 Does Not Apply to Plaintiffs' Motion

As a preliminary matter, Plaintiffs incorrectly bring their motion under Federal Rule of Civil Procedure 15. (ECF No. 176 at 1.)  Once 21 days have passed after service of a responsive pleading, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  "Although leave to amend 'shall be freely given when justice so requires,' *see* Fed. R. Civ. P. 15(a), plaintiffs do not have an absolute or automatic right to amend." *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002)).  The Court may deny a party's request for leave to amend only "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)).

This analysis changes, however, once the deadline to amend a complaint has passed.  That deadline was June 19, 2020. (ECF No. 82 at 2.)  As such, Rule 16(b) applies.

**B. Rule 16(b) Applies to Both Motions**

Eighth Circuit precedent dictates that when a motion to amend the pleadings is filed after the deadline set in the court's pretrial scheduling order "the court may properly require, pursuant to Federal Rule of Civil Procedure 16(b), that good cause must be shown for leave to file a pleading that is out of time with that order." *Johnson v. Franchoice, Inc.*, No. 19-cv-1417 (MJD/ECW), 2020 WL 6938782, at *6 (D. Minn. Nov. 25, 2020) (citing *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003)); *see also Sherman*, 532 F.3d at 716 ("The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit."). This shift to consider Rule 16(b) occurs because otherwise "we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 438 (8th Cir. 1999).

County Defendants also seek to amend the Pretrial Scheduling Order; therefore, Rule 16(b) applies to both motions. Rule 16(b) provides that the scheduling order set by a court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* D. Minn. LR 16.3(b) (requiring a party moving to modify a scheduling order to "establish good cause for the proposed modification" and "explain the proposed modification's effect on any deadlines."). "The good cause standard of Rule 16(b) is an exacting one, for it demands a demonstration that the existing schedule cannot reasonably be met despite the diligence of the party seeking the extension." *IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, 326 F.R.D. 513, 522 (D. Minn. 2018) (quotation omitted). "The 'exacting' standard set by Rule 16(b) requires that a moving party first make the requisite

6

good cause showing." *Coleman v. Minneapolis Pub. Schs.*, No. 18-cv-2283 (DSD/ECW), 2020 WL 6042394, at *3 (D. Minn. Oct. 13, 2020) (citing *E.E.O.C. v. Hibbing Taconite Co.*, 266 F.R.D. 260, 265 (D. Minn. 2009)). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716-17 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). "If the court is satisfied that the movant was diligent, it will also generally consider possible prejudice to the nonmovant." *Shank v. Carleton College*, 329 F.R.D. 610, 614 (D. Minn. 2019).

### C. Plaintiffs Have Not Demonstrated Good Cause to Add Facts to Their Complaint

As the operative scheduling order set June 19, 2020, as the deadline for a motion to amend the pleadings, Plaintiffs "must demonstrate good cause for obtaining leave to file [their] untimely motion to amend." *City of Geneseo, Illinois v. Utilities Plus*, No. 05-cv-2689 (ADM/JJG), 2006 WL 8443452, at *2 (D. Minn. Oct. 31, 2006). "When a party seeks to amend a pleading after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional." *Sherman*, 532 F.3d at 716.

County Defendants do not oppose Plaintiffs' motion to the extent it strikes the claims based on sexually abusive pat-down searches, punitive diet in segregation, and punitive disciplinary segregation; nor do they oppose the addition of Plaintiff Hari's claim against Deputy Rasmussen.[5]  (ECF No. 211 at 4-6.)  The Court will therefore grant as unopposed the motion for leave to amend with regard to those amendments.

---

[5] County Defendants specifically outline that they do not object to Plaintiffs adding the following proposed amendments to their complaint: paragraphs 9, 19-21, and 54 from their proposed Second Amended Complaint. (ECF No. 211 at 11.)

7

County Defendants oppose Plaintiffs' remaining proposed amendments, arguing Plaintiffs have not offered the requisite good cause for these amendments and adding that the proposed amendments "are factually irrelevant to the claims and only serve to bog down the case and consume more resources from the Court and Defendants." (*Id.* at 7.) A majority of these contested amendments are the addition of factual support for Plaintiffs' remaining claims. (*See* ECF No. 178 ¶¶ 10, 12, 15-16, 22, 24-25, 28-36, 41,[6] 45-46.)[7] Other contested amendments add to Plaintiffs' remaining claims. (*See id.* ¶ 53 (asserting certain Defendants violated all three Plaintiffs' right of access to the courts and discovery and citing to proposed paragraphs 43-52); ¶ 55 (asserting certain Defendants violated all three Plaintiffs' Sixth Amendment right to counsel "by denying them access to a private telephone out of earshot of deputies and inmates" and citing to proposed paragraphs 37-42); ¶ 56 (asserting certain Defendants violated Lewis's Sixth Amendment right to counsel by "recording his legal calls and listening to them" and citing to proposed paragraphs 34-36).)

Plaintiffs do not mention the scheduling order in their motion or memorandum in support, and instead state simply that "recent discovery" they have discovered "need[s] to

---

[6] The proposed amendments also suggest that paragraph 42 is an addition; the language in this paragraph, however, is identical to paragraph 13 of the First Amended Complaint. (*Compare* ECF No. 85 ¶ 13 *with* ECF No. 178 ¶ 42.)

[7] Plaintiffs also seek to add references to certain exhibits throughout the proposed Second Amended Complaint: (1) the addition of a citation to exhibits #3 and #6 in paragraph 14; (2) editing a reference to exhibit O-19 at paragraph 23 to a reference to exhibit O-34; (3) the addition of citations to exhibits O-20 and O-9 in paragraph 26; (4) the addition of a citation to exhibit MS-A2 in paragraph 29; and (5) the addition of a citation to two exhibits in paragraph 44. (*Compare* ECF No 85 *with* ECF No. 178.) For the reasons articulated in this Order, the Court denies the motion to the extent Plaintiffs seek to add those citations. The Court also notes that throughout the proposed Second Amended Complaint, Plaintiffs have divided certain paragraphs from the First Amended Complaint into separate paragraphs and have moved the contents of certain paragraphs. So long as Plaintiffs do not alter the language, the Court will grant Plaintiffs' motion to the extent that they seek to make these organizational changes. The Court denies the motion to the extent Plaintiffs seek to amend the operative complaint outside of the boundaries explicitly detailed in this Order.

8

be added to the complaint." The only legal argument Plaintiffs provide—aside from the cursory citation to bringing the motion for leave to amend under Rule 15—is to *Thompson-El v. Jones*, a case which analyzed Rule 15's more liberal standard for amending pleadings. 876 F.2d 66 (8th Cir. 1989). This case is unhelpful to Plaintiffs' cause, however, because, as detailed above, the deadline to amend the pleadings has passed, and therefore Rule 16(b) applies.[8] Plaintiffs filed this motion approximately two and a half months after the deadline to amend the pleadings and have not provided any support as to why they could not meet the deadlines of the Pretrial Scheduling Order.[9] The requisite good cause for modification of the Pretrial Scheduling Order, therefore, has not been met to allow for the factual amendments they propose.[10]

The Court further finds that adding these factual amendments is wholly unnecessary. Plaintiffs will have the opportunity to rely on evidence obtained in discovery in support of their existing claims. Similarly, the Court finds that Plaintiffs have not demonstrated the requisite good cause to add paragraphs 53, 55, and 56. These paragraphs largely serve to restate claims already outlined in the currently operative complaint and cite

---

[8] The *Thompson-El* court also affirmed the district court's *denial* of his motion for leave to file his second amended complaint in part because "[p]arties in litigation . . . are entitled to expect opposing parties to prepare their cases in a timely fashion" and "Thompson-El's pretrial preparation was approached with a marked lack of diligence." *Id.* at 69.

[9] That Plaintiffs are proceeding in this matter pro se does not excuse them from following the Federal Rules of Civil Procedure, this District's Local Rules, and the like. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law."). The Court has previously reminded Hari of his obligation to follow the Federal Rules of Civil Procedure and the District's Local Rules. (*See* ECF No. 142 at 9.)

[10] In finding that Plaintiffs have not met the good-cause standard, the Court declines to further analyze whether modifying the scheduling order to add these facts and claims would prejudice County Defendants. *See Green Plains Otter Tail, LLC v. Pro-Environmental, Inc.*, No. 16-cv-370 (DWF/LIB), 2017 WL 9885436, at *5 (D. Minn. Dec. 21, 2017) ("While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, a court will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines.") (citing *Sherman*, 532 F.3d at 717); *see also Shank*, 329 F.R.D. at 614 ("If the court finds good cause under Rule 16, then the court proceeds to the Rule 15 inquiry.").

to paragraphs that the Court is not permitting Plaintiffs to add. Thus, the Court denies Plaintiffs' motion to the extent that they seek leave to add paragraphs or information to paragraphs 10, 12, 15-16, 22, 24-25, 28-36, 41, 45-46, 53, and 55-56 of the proposed Second Amended Civil Rights Complaint. (*See* ECF No. 178.)

### D. Under the Circumstances, County Defendants Have Demonstrated Good Cause to Modify the Pretrial Scheduling Order and Modification Will Not Prejudice Plaintiffs

"District courts have broad discretion in establishing and enforcing deadlines and in maintaining compliance with discovery and pretrial orders." *In re Baycol Prods. Litig.*, 596 F.3d 884, 888 (8th Cir. 2010) (citing *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758-59 (8th Cir. 2006)). As stated above, Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see, e.g.*, *Marmo*, 457 F.3d at 759. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716-17 (quoting *Rahn*, 464 F.3d at 822).

Hari argues that County Defendants have not demonstrated good cause to alter the Pretrial Scheduling Order for numerous reasons, including that County Defendants' motion was not timely filed; that County Defendants' appeals to delays caused by the COVID-19 crisis are unpersuasive; that County Defendants have not acted in good faith; and that he will be prejudiced by further delays in this case. (*See generally* ECF No. 292.)

Hari does raise some valid points. For example, County Defendants assert that they "diligently attempted to extend or modify the deadlines before they expired" by filing a motion to stay and then filing two additional letters requesting a modification of "then-

10

pending deadlines." (ECF No. 282 at 6.) Letters requests, however, are not formal motions and a motion to stay does not toll other deadlines set by the Court. County Defendants were perfectly capable of filing a formal motion to modify the scheduling order prior to the expiration of other deadlines.

Nevertheless, some delays were also attributable to the substantial number of letters, discovery requests, motions, and other filings that Hari submitted in a flurry of activity last fall. While the Court has reminded County Defendants of their obligation to respond to Hari's discovery requests (ECF No. 142 at 7-8 & 9 n.4) and has granted one of Hari's motions to compel discovery (ECF No. 81), the Court has also warned Hari that his practice of inundating County Defendants and the Court without abiding by the Federal Rules of Civil Procedure and Local Rules of this District will no longer be accepted. (ECF No. 142 at 9.)

Though County Defendants could very well have filed this motion sooner, they have generally responded to Plaintiffs' discovery requests in good faith and have largely comported with rules and orders. Further, given Plaintiffs had sought leave to amend their complaint, County Defendants lacked clarity on what claims they would need to address in dispositive motion practice. Though the better practice would have been to file this motion earlier, County Defendants have established good cause to amend the scheduling order at this time.

Nor will Plaintiffs be prejudiced by this delay. The Court, by granting Plaintiffs' motion for leave to file an amended complaint, is allowing Hari to add an additional Defendant and claim to this case and is also allowing Plaintiffs to home in on the issues

they have identified as their strongest claims. Allowing Plaintiffs to amend their complaint and modifying the scheduling order will allow the parties and the Court to resolve this case efficiently and expeditiously.

Thus, the Court grants County Defendants' motion in part and denies it in part. The Court has already noted that discovery was almost complete in this matter (ECF No. 272 at 12 n.9.) While the Court is allowing Plaintiffs leave to amend their complaint, the Court does not believe this necessitates a lengthy discovery period. The Court will modify the scheduling order to set the following deadlines:

- The parties may conduct discovery for 45 days after Plaintiffs file their Second Amended Complaint;

- Likewise, nondispositive motions shall be filed and served within 45 days after Plaintiffs file their Second Amended Complaint;

- All dispositive motions shall be filed and served within 90 days after Plaintiffs file their Second Amended Complaint; and

- This case shall be trial ready within 120 days after Plaintiffs file their Second Amended Complaint.

The Court will file an Amended Pretrial Scheduling Order memorializing these deadlines once Plaintiffs have filed their Second Amended Complaint or, if they elect not to file that complaint, 21 days after the issuance of this Order.

### III.   FUTURE MOTION PRACTICE

Lastly, the Court reminds both County Defendants and Plaintiffs, particularly Hari, of their obligation to follow the Federal Rules of Civil Procedure, as well as the Local

Rules. Should any party seek to amend deadlines or respond to motions, they must follow proper procedure and seek appropriate relief. As discussed above, warnings have previously been issued.

## IV.   ORDER

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Plaintiffs' "Joint Motion for Leave to Amend Rights Complaint" (ECF No. 176) is **GRANTED IN PART AND DENIED IN PART** as specifically outlined herein. Within 21 days of the date this Order is filed, Plaintiffs may file an amended complaint that adds the following claim and supporting allegations under 42 U.S.C. § 1983: violations of Hari's Sixth Amendment rights as to Deputy Rasmussen. This amended complaint may also omit the claims Plaintiffs propose deleting and make the organizational changes they have proposed as specifically outlined herein. The motion is denied in all other respects.

2. County Defendants' Motion to Modify the Scheduling Order (ECF No. 280) is **GRANTED IN PART AND DENIED IN PART** as specifically outlined herein.

3. An Amended Pretrial Scheduling Order shall issue.

4. All prior consistent orders remain in full force and effect.

[continued on next page]

5. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: February  23 , 2020        *s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Laughlin, et al. v. Stuart, et al.*
Case No. 19-cv-2547 (ECT/TNL)