UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Malik Laughlin, et al., | Case No. 19-cv-2547 (ECT/TNL) |
| Plaintiffs, | |
| v. | **ORDER** |
| James Stuart, et al., | |
| Defendants. | |

---

Malik Laughlin, MCF-Stillwater, 970 Pickett Street North, Bayport, MN 55003; Kenneth Lewis, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330;[1] Michael Hari, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330 (pro se Plaintiffs);

Robert I. Yount, Assistant Anoka County Attorney, Government Center, 2100 Third Avenue, Suite 720, Anoka, MN 55303 (for Defendants James Stuart, Jonathon Evans, Lt. Sheila Larson, and Sgt. Carrie Wood); and

Gary K. Luloff and Jennifer J. Crancer, Chestnut Cambronne PA, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401 (for Defendant Tessa Villegas).

---

On August 24, 2020, the Court denied without prejudice Plaintiff Michael B. Hari's motions to change confidential designation of documents. (ECF No. 157.)  The Court concluded the motions were premature because the parties were still in the process of conferring about the designation of certain documents.  Hari now seeks permission to file a motion for reconsideration of the Court's decision. (ECF No. 183.)

The Court will deny this motion.  A party may obtain permission to file a motion

---

[1] Plaintiffs Hari and Laughlin both recently provided this address for Plaintiff Lewis. (*See* ECF Nos. 262, 264.)  A recent search of the Sherburne County Jail shows Lewis is currently in custody.   *See* https://inmatelocatorext.co.sherburne mn.us/inmatelocator/ (last visited April 8, 2021).

1

for reconsideration only by demonstrating that the request is justified by "compelling circumstances." *See* D. Minn. LR 7.1(j). Hari claims that compelling circumstances exist because he has attempted to meet and confer with Defense Counsel since July 18, 2020 and that Counsel has generally been unresponsive.

The Court will again remind Defense Counsel to respond as promptly as possible to Hari's correspondence. It is clear, however, that much of the delay created during this time was of Hari's own doing. It is apparent from Hari's request that he has inundated Defense Counsel with numerous letters, discovery requests, motions, and other filings. In his request to file a motion for reconsideration, Hari indicates that he sent letters on July 18, August 6, August 7, and August 18, and that he has "continued to write to the Defendants about discovery matters." (ECF No. 183 at 2.) In one of his letters, he raised 28 items for discussion. (ECF No. 156-2.)

Further review of the docket shows the extent to which Hari corresponded with Defense Counsel during this time. The Court received four letters from him alone on August 31, 2020. (ECF Nos. 170-174.) Even affording Hari the deference provided to pro se parties, it is apparent that he is not behaving in a manner intended to secure the "just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1.[2]

In addition, it does not appear that, at least in certain instances, Hari is allowing adequate time for Defense Counsel to respond to all of his correspondence. Hari complains

---

[2] As the Court has previously reminded Mr. Hari, (*see, e.g.*, ECF No. 142 at 9), his pro se status does not excuse his obligation to follow the Federal Rules of Civil Procedure as well as the Local Rules of this District. *See also Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.")

in his letter that he served Defense Counsel with a proposed motion to amend and draft amended complaint on August 23 and that Defense Counsel had not responded by August 28. (ECF No. 183.) But in the Court's experience, mail sent from a detention facility can take multiple days to reach its intended recipient. Indeed, the Court did not receive Hari's August 28 letter until September 2, five days after it was sent. Even setting aside the fact that Hari has inundated Defense Counsel with materials, it would be unreasonable for Hari to expect a reply to his letter five days after he sent it.

Furthermore, the Court will address Hari's claim that he began the meet and confer process on July 18, 2020. The Court has reviewed that letter. (ECF No. 183-1.) It is not evidence of a proper meet and confer. The purpose of a meet and confer is to allow the parties to engage in a "genuine and good-faith discussion" about a dispute that one party intends to raise in a motion before the Court. *Mgmt. Registry, Inc. v. A.W. Companies, Inc.*, No. 17-cv-5009 (JRT/KMM), 2019 WL 2024538, at *1 (D. Minn. May 8, 2019). Though Hari labeled the July 18 letter as a meet and confer request, he asked only that Defense Counsel explain why certain documents were designated as confidential. There is no indication in that letter that Hari intended to challenge the designation of those documents or seek any other relief from the Court. And in any event, shortly after that Hari submitted that letter, he filed a motion for sanctions, a motion seeking an order to show case to hold Defendants in contempt of court, and an appeal of the Court's order on Hari's motion to vacate a previous order. (ECF Nos. 102, 106, 113.) He also served multiple rounds of interrogatories and requests for admission (ECF Nos. 116, 117, 122, and 123) and has made clear that he is engaged in disputes with Defendants regarding their

responses to that discovery. (ECF No. 183 at 2.) In light of this extensive litigation, the Court will not hold against Defense Counsel the fact that he was delayed in responding to the original July 18 letter in light of all the filings that Hari propounded around the same time.

Hari has failed to show compelling circumstances that would justify a motion for reconsideration. He has not demonstrated that a meaningful meet and confer took place. And though Defense Counsel has been delayed in responding to certain of Hari's letters and meet-and-confer requests, that delay is understandable in light of the substantial number of motions, discovery requests, and other filings that Hari has propounded throughout this lawsuit. The Court will deny the request for permission to file a motion for reconsideration.

Finally, the manner in which Hari has litigated this and other cases in this District raises serious concerns as to whether he is intentionally disrespecting local rules and Court orders and conducting this and other lawsuits in a manner to oppress and unduly burden opposing parties and the Court with vexatious litigation. Hari is cautioned that, should he continue this litigation by inundating opposing counsel with filings, non-authorized or non-required communications, ultimatums, and the like, and continue to involve the Court without compliance with all applicable orders, rules, and law, the Court may well find that he is intentionally abusing the litigation process. In such event, the Court will avail itself of all the tools set forth in Section 3 below and additionally summarily deny Hari's motions that fail to comply with all applicable orders, rules, and law.

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS**

**HEREBY ORDERED** as follows:

1. Plaintiff Michael B. Hari's request to file a motion for reconsideration (ECF No. 183) is **DENIED.**

2. All prior consistent orders remain in full force and effect.

3. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; summary denial of motions; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: April __9__, 2021                              *s/Tony N. Leung*
                                                     Tony N. Leung
                                                     United States Magistrate Judge
                                                     District of Minnesota

                                                     *Laughlin, et al. v. Stuart, et al.*
                                                     Case No. 19-cv-2547 (ECT/TNL)