UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Malik Laughlin, et al., | Case No. 19-cv-2547 (ECT/TNL) |
| Plaintiffs, | |
| v. | **ORDER** |
| James Stuart, et al., | |
| Defendants. | |

---

Malik Laughlin, MCF-Stillwater, 970 Pickett Street North, Bayport, MN 55003; Kenneth Lewis, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330;[1] Michael Hari, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330 (pro se Plaintiffs);

Robert I. Yount, Assistant Anoka County Attorney, Government Center, 2100 Third Avenue, Suite 720, Anoka, MN 55303 (for Defendants James Stuart, Jonathon Evans, Lt. Sheila Larson, and Sgt. Carrie Wood); and

Gary K. Luloff and Jennifer J. Crancer, Chestnut Cambronne PA, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401 (for Defendant Tessa Villegas).

---

This matter is before the Court on Plaintiffs Michael B. Hari's (hereinafter "Hari") and Kenneth Lewis' (hereinafter "Lewis") Continued Sealing/Request for permission to file Motion to Reconsider Anoka County Attorney / Client Communication Interception (ECF No. 193)[2] and Hari's Motion for Further Consideration of Sealing of Documents 133, 134, 137, 144, 147, and 159 Under LR 5.6(d)(3) (ECF No. 208). Both filings propose

---

[1] Plaintiffs Hari and Laughlin both provided this address for Plaintiff Lewis. (*See* ECF Nos. 262, 264.) A recent search of the Sherburne County Jail shows Lewis is currently in custody. *See* https://inmatelocatorext.co.sherburne.mn.us/inmatelocator/ (last visited April 8, 2021).

[2] The Court considers this letter as a motion to reconsider its Order granting in part and denying in part the Joint Motion Regarding Continued Sealing (ECF No. 169). *See* D. Minn. LR 7.1(j) ("A party who seeks permission to file a motion to reconsider must first file and serve a letter of no more than two pages requesting such permission.")

1

unsealing the same set of documents on the basis that they do not contain private or confidential information. (ECF No. 193 at 2; *see generally* ECF No. 208 at 5-14.)

## I. BACKGROUND

The Court previously entered a protective order in this case, which outlines confidentiality designations. (ECF No. 68.) This protective order has survived Hari's various challenges. (*See* ECF No. 238 at 11 (overruling Hari's objection to and affirming this Court's July 13 Order).)

The documents Plaintiffs Lewis and Hari request the Court unseal were filed under temporary seal pursuant to the protective order as they either are, or cite directly to, documents designated as confidential by County Defendants.[3] These documents are:

- ECF No. 133 – Hari's reply brief on his Amended Verified Motion for Rule to Show Cause (ECF No. 106);

- ECF No. 134 – An exhibit filed supporting ECF No. 133;

- ECF No. 137 – Hari's reply brief on his Motion for Sanctions Under Rule 37(e) for Spoliation of Evidence (ECF No. 102);

- ECF No. 144 – A set of exhibits filed in support of ECF No. 137;

- ECF No. 147 - Additional exhibits filed in support of ECF Nos. 133 and 137; and

---

[3] Though Hari requested filing these documents under temporary seal, his position has always been that the exhibits he filed and cited to in his reply memoranda and objection were improperly designated as confidential. (*See* ECF Nos. 138, 145, 148, 160.)

- ECF No. 159 – Hari's objection to this Court's August 17, 2020 Order denying Hari's Motion for Sanctions and Motion for Rule to Show Cause (ECF No. 142).[4]

The Court did not consider Hari's reply briefs when issuing its August 17, 2020 Order denying Hari's Motion for Sanctions and Motion for Rule to Show Cause, as they were improperly filed replies to non-dispositive motions. (ECF No. 142 at 8 (citing D. Minn. LR 7.1(b)(4)(A)(iii) & 7.1(b)(3)).) The Court did, however, grant Hari's motion to file the reply briefs under temporary seal. (ECF No. 142 at 8.) The Court further ordered the parties to comply with the District's Local Rules in preparing a joint sealing motion for ECF Nos. 133 and 137. (*Id.* at 10.) After Hari filed his objection to the Court's August 17, 2020 Order (ECF No. 159), the Court again ordered the parties to submit a joint motion for continued sealing. (ECF No. 162.)

County Defendants filed a Joint Motion Regarding Continued Sealing, detailing their arguments for keeping the documents sealed and attaching Plaintiffs' competing joint motion, which would unseal the documents.[5] (ECF Nos. 166 & 166-1.) County Defendants' position was to redact or seal the pages of the memoranda and objection that quoted the exhibits,[6] and to seal the exhibits[7] completely. In a "meet and confer" letter

---

[4] Contrary to County Defendants' claim (*see* ECF No. 213 at 4 n.1), this document was filed under seal. (*See* ECF No. 160 (Hari's request to file ECF No. 159 under seal); ECF No. 162 (Order placing ECF No. 159 under temporary seal).) The Court subsequently ordered ECF No. 159 permanently sealed. (*See* ECF No. 169.)
[5] This District's Local Rules require that "the party who filed the first document under temporary seal in connection with the underlying motion or objection" to file the joint motion "[u]nless the parties agree or the magistrate judge orders otherwise." D. Minn. LR 5.6(d)(2)(B). While County Defendants ultimately filed the joint motion with the attached grid as required by the Protective Order in this case (*see* ECF No. 68), the Court considers this a proper filing of a joint motion as County Defendants included Plaintiffs' proposed motion.
[6] (ECF Nos. 133, 137, and 159)
[7] (ECF Nos. 134, 144, 147)

3

attached to the Plaintiffs' Proposed Joint Motion for Continued Sealing of Documents, Hari persisted in his previously stated position that "all of the information in those documents addressed in the order of 8/17/20 should be unsealed and nothing should be left sealed." (ECF No. 166-1 at 1.)  On August 31, 2020, the Court granted in part and denied in part the joint motion and, siding with County Defendants, permanently sealed all of the documents in question, as they "contain identifying information for jail personnel and security protocol and contain information related to ongoing criminal matters."  (ECF No. 169.)  Hari and Lewis' letter and Hari's subsequent motion for reconsideration followed.

## II. ANALYSIS

### A.  The September 3, 2020 Letter

As previously discussed, *see supra* note 2, the Court considers this letter a motion to reconsider its order granting in part and denying in part the Joint Motion Regarding Continued Sealing (ECF No. 166).  *See* D. Minn. LR 7.1(j) ("A party who seeks permission to file a motion to reconsider must first file and serve a letter of no more than two pages requesting such permission.")  The letter objects to County Defendants' handling of Plaintiffs' proposed joint sealing motion, arguing that County Defendants should have responded to Plaintiffs' proposed joint sealing motion and meet and confer letter.  (ECF No. 193 at 1.)  The letter subsequently objects to the Court's order and argues that the documents should be unsealed because they "contain no properly private or confidential information."  (*Id.* at 2.)

The Court will deny this motion summarily as it does not formally comply with Local Rule 5.6.  *See* D. Minn. LR 5.6(d)(3) ("Within 28 days after entry of the magistrate

judge's order disposing of a joint motion regarding continued sealing under LR 5.6(d)(2), a party . . . may file a motion for further consideration by the magistrate judge."). Hari subsequently filed a proper motion seven days later.[8] (ECF No. 208.)

### B. Hari's Motion in Support for Further Consideration of Sealing of Documents Under LR 5.6(d)(3)

In this motion, Hari argues that County Defendants have failed to show the required good cause to overcome the presumption in favor of public access to documents under Rule 26(c). (ECF No. 208 at 5.) The Court will deny this motion as there is no presumption in favor of public access for these documents, and County Defendants have shown good cause for their permanent sealing.

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "However, the public's right of access is not absolute. Instead, competing interests, including the party's interest in confidentiality, must be weighed against society's interest in transparency." *Benner v. Saint Paul Public Schools, I.S.D. 625*, No. 17-cv-1568 (SRN/KMM), 2019 WL 259637, at *1 (D. Minn. Jan. 18, 2019) (citing *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)).

"[A] court must first decide if the documents in question are 'judicial records,' and if so, must next consider whether the party seeking to prevent disclosure has overcome the

---

[8] Even if this were not the case, the Court would nonetheless deny this motion as it is largely duplicative to Hari's formal motion, which better addresses the purported merits for unsealing the documents in question.

common-law right of access that would otherwise apply to such records." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). "[T]he Eighth Circuit has recognized 'a modern trend in federal cases to treat pleadings in civil litigation (*other than discovery motions and accompanying exhibits*) as presumptively public, even when the case is pending before judgment, or resolved by settlement.'" *Steele v. City of Burlington, Iowa*, 334 F. Supp. 3d 972, 976-77 (S.D. Iowa 2018) (quoting *IDT Corp.*, 709 F.3d at 1222-23) (emphasis added); *see also Kruger v. Ameriprise Fin., Inc.*, No. 11-cv-2781 (SRN/JSM) 2014 WL 12597948, at *8 (D. Minn. Oct. 14, 2014) (collecting cases and finding that "[t]he Eighth Circuit has not explicitly defined what constitutes 'judicial records.' But a survey of the decisions in this jurisdiction supports the notion that the presumption of public access (and concomitant need to articulate a compelling reason for non-disclosure) attaches to documents filed with the court in support of merits-based motions."), *aff'd*, 2015 WL 224705 (D. Minn. Jan. 15, 2015); *cf.* D. Minn. LR 5.6 Advisory Committee's Notes (2017) ("As a general matter, the public does not have a right of access to information exchanged in discovery."). "In other words, the public's interest is stronger when the sealed items implicate a district court judge's exercise of Article III power in deciding a dispositive motion on the merits." *Willis Elec. Co., Ltd. v. Polygroup Ltd. (Macao Commercial Offshore)*, No. 15-cv-3443 (WMW/KMM), 2019 WL 2574979, at *1 (D. Minn. June 24, 2019).

The documents Hari seeks to unseal are reply memoranda and exhibits to non-dispositive discovery motions and his objection to the Court's ruling on those motions. ECF Nos. 133, 134, 137, 144, and 147 were not considered by the Court when it rendered

its decision on Hari's non-dispositive motions because these filings violated Local Rule 7.1. (*See* ECF No. 142 at 8 ("Because Hari did not seek permission to file a reply brief, the arguments contained in his reply briefs are not properly before the Court".).) ECF No. 159 similarly detailed Hari's objections to this Court's decisions on his non-dispositive motions. Thus, the documents Hari seeks to unseal are not judicial records and do not carry any presumption of public access.

"If the documents at issue are not 'judicial records,' then the Court applies a 'good cause' standard to determine whether the material should be sealed." *Hudock v. LG Elec. U.S.A., Inc.*, No. 16-cv-1220 (JRT/KMM), 2020 WL 2848180, at *2 (D. Minn. June 2, 2020) (citing *Krueger*, 2014 WL 12597948, at *11); *see also FurnitureDealer.net, Inc. v. Amazon.com, Inc.*, No. 18-cv-232 (JRT/HB), 2020 WL 6324157, at *2 (D. Minn. Oct. 19, 2020) ("Here, since the documents involved were filed in connection with discovery motions that . . . do not implicate 'the exercise of Article III judicial power,' the Court does not apply the 'compelling reason' standard."). Under this good cause standard, the party advocating sealing "must demonstrate . . . that continued sealing is needed to protect it from 'annoyance, embarrassment, oppression, or undue burden or expense . . . .'" *Hudock*, 2020 WL 2848180, at *2 (quoting Fed. R. Civ. P. 26(c)). County Defendants previously argued for sealing these documents for a variety of reasons, which this Court considered. (*See* ECF No. 166.) In ordering that these documents be permanently sealed, the Court found in part that the documents "contain identifying information for jail personnel and security protocol." (ECF No. 169.) This remains the case, and the Court finds again that County Defendants have shown good cause for the documents' permanent sealing.

## III. ORDER

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Hari and Lewis' Continued Sealing/Request for permission to file Motion to Reconsider Anoka County Attorney / Client Communication Interception (ECF No. 193) is **DENIED**.

2. Hari's Motion for Further Consideration of Sealing of Documents 133, 134, 137, 144, 147, and 159 Under LR 5.6(d)(3) (ECF No. 208) is **DENIED**.

3. The following documents shall remain sealed: ECF Nos. 133, 134, 137, 144, 147, and 159.

4. All prior consistent orders remain in full force and effect.

5. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; summary denial of motions; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: April __9__, 2021

*s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Laughlin, et al. v. Stuart, et al.*
Case No. 19-cv-2547 (ECT/TNL)