# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Malik Laughlin, et al.,                     Case No. 19-cv-2547 (ECT/TNL)

Plaintiffs,

v.                                          **ORDER**

James Stuart, et al.,

Defendants.

Malik Laughlin, MCF-Stillwater, 970 Pickett Street North, Bayport, MN 55003; Kenneth Lewis, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330;[1] Michael Hari, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330 (pro se Plaintiffs);

Robert I. Yount, Assistant Anoka County Attorney, Government Center, 2100 Third Avenue, Suite 720, Anoka, MN 55303 (for Defendants James Stuart, Jonathon Evans, Lt. Sheila Larson, Sgt. Carrie Wood, and Jesse Rasmussen); and

Gary K. Luloff and Jennifer J. Crancer, Chestnut Cambronne PA, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401 (for Defendant Tessa Villegas).

This matter is before the Court on Plaintiff Michael Hari's ("Hari") Motion to Compel Answers to Discovery Requests (ECF No. 215), Hari's Verified Motion for Rule to Show Cause (ECF No. 223), Hari's Verified Motion for An Order Compelling Production for the Purpose of in camera Review (ECF No. 227), and Hari's Motion for Sanctions under Rule 37(e) for Spoliation of Evidence (ECF No. 229).[2]  For the reasons

---

[1] Plaintiffs Hari and Laughlin both provided this address for Plaintiff Lewis. (*See* ECF Nos. 262, 264.)  A recent search of the Sherburne County Jail shows Lewis is currently in custody. *See* https://inmatelocatorext.co.sherburne.mn.us/inmatelocator/ (last visited April 22, 2021).

[2] On September 1, 2020, Hari sent via U.S. Mail a separate Motion to Compel Answers to Written Interrogatories, which was filed on September 9, 2020. (ECF No. 197.)  The following day, Hari sent a request asking that this motion be withdrawn. (ECF No. 187.)  This request, though sent after the motion, was received by the Clerk of the Court and

1

set forth below, the Court denies each of these motions.

## I. BACKGROUND

### A. Warnings on Meet and Confer Requirements

In its August 17, 2020 Order, the Court cautioned Hari about filing motions without engaging in a proper meet and confer, writing:

> Hari is proceeding pro se in this matter but must follow the Federal Rules of Civil Procedure and the Local Rules of this District. Going forward, for all motions where a meet and confer is required, Hari must file documentation with each motion that is sufficient to show that he engaged in a genuine meet and confer with opposing counsel. A simple statement that he met and conferred with opposing counsel so is insufficient. Hari must include either the correspondence that he sent to the other side and their response or provide a sufficiently detailed summary of the meet and confer to show that a proper one took place. Should he not do so, the Court will deny his motions summarily going forward.

(ECF No. 142 at 9 (footnote omitted).) The Court reminded Defense counsel to "respond promptly to any correspondence. The Court will waive the meet-and-confer requirement if apparent that counsel responded untimely." (*Id.* at 9 n.4.)

On August 24, 2020, the Court denied Hari's two Motions to Change "Confidential Designation of Documents (ECF Nos. 150 & 151)[3] as premature because Hari had not engaged in a meaningful meet and confer with County Defendants. (ECF No. 157 at 1.) The Court reasoned, "Hari must engage in a meaningful meet and confer with Defendants before filing motions. D. Minn. LR 7.1(a). He has not done so here. Instead, he appears

---

filed on September 3, 2020. (*Id.*) The Court grants Hari's request to withdraw this motion.
[3] Two motions were filed. One appeared to be a complete motion (ECF No. 151) and the other appeared to be a copy of the first page of the motion (ECF No. 150).

to have sent meet and confer letters and then filed his motions without waiting for any substantive response." (*Id.* at 2.)   The Court also denied Hari's motion for reconsideration of this decision on the basis that Hari did not demonstrate that a meaningful meet and confer took place. (*See* ECF No. 333.)  This included the finding that Hari's July 18, 2020 letter was not evidence of a proper meet and confer, in part because shortly after sending that letter, Hari filed two motions and an appeal of this Court's order on his motion to vacate a previous order.  (ECF No. 333 at 3.)  In addition, Hari had filed multiple rounds of discovery requests, and was at the time disputing County Defendants' responses to those requests.  (*Id.* at 3-4.)  The Court concluded, "[i]n light of this extensive litigation, the Court will not hold against Defense Counsel the fact that he was delayed in responding to the original July 18 letter in light of all the filings that Hari propounded around the same time."   (*Id.* at 4.)

### B. Relevant Communications

The Court's review of the record establishes the following timeline of relevant communication between the parties and the Court as it relates to the motions currently under consideration:[4]

- **July 18, 2020:** Hari sends a letter to County Defendants that he titles as a meet and confer, but merely asks about confidentiality designations.  (ECF No. 183-1 at 1.)[5] As the Court noted in a previous order, this was not evidence of a proper meet and confer as there was "no indication in that letter that Hari intended to challenge the

---

[4] Unless otherwise noted, the dates the Court uses are the dates the sender designates in the letter, as opposed to the postmark date or the date the letter was received and filed by the Clerk of Court.
[5] This same letter was also filed at ECF No. 130.

designation of those documents or seek any other relief from the Court." (ECF No. 333 at 3.)

- **August 6, 2020:** Hari sends a letter titled "More Discovery Meet and Confer 19 CV 2547/ 19 CV 1330 Rule 56" to County Defendants. (ECF No. 183-1 at 2.) In this letter, Hari details 13 bullet-points of discovery issues for County Defendants to address. He concludes the letter by writing, "[t]his is not a complete list, only a guide to help you understand what I am still missing, and what needs to change." (*Id.*) Hari also addresses discovery issues in a separate case which, at that time, was pending before the Court.[6]

- **August 7, 2020:** Hari sends another letter to County Defendants challenging the confidentiality designations of certain discovery documents. (*Id.* at 3-6.)[7] Hari requests further explanation of the County Defendants' classification of these documents and states that if no agreement is reached, he will ask to Court to review the classification of the documents. (*Id.* at 6.)

- **August 10, 2020:** County Defendants send a letter to Hari about certain documents that they had designated as confidential. (ECF No. 156-1.)

- **August 12, 2020:** Hari sends a letter to County Defendants proposing to amend the Protective Order previously entered by the Court.[8] (ECF No. 168.)[9]

---

[6] This case was *Hari et al. v. Stuart et al.*, 19-cv-1330 (ECT/TNL) (D. Minn.), which was dismissed and closed in November of 2020.

[7] This letter was handwritten. The Court believes Hari titled this letter "Evasive Email & Other Discovery Classification as 'Confidential' 7.1(a) Meet & Confer Attempts;" the writing, however, is difficult to discern.

[8] Hari sent another letter to County Defendants on this date requesting additional written interrogatories and to conduct depositions. (ECF No. 152.)

[9] Hari also files this letter with another document (*See* ECF No. 183-1 at 7.)

- **August 13, 2020:** County Defendants send a letter to Hari in response to the letters he sent on August 6 and 7. (ECF No 156-2.)[10] This letter indicates that in these two letters Hari "set forth 28 separate discovery issues." (ECF No. 156-2 at 1.) Counsel for County Defendants indicates in this letter that he was helping two of the Defendants respond to discovery requests and that he would respond to these letters "with one responsive letter as soon as reasonably possible." (*Id.*)

- **August 15, 2020:** Hari files with the Court a document titled "Local Rule 7.1 Meet and Confer Statement" which states that he "made an attempt to meet and confer with the Defendants by sending them a [sic] letters on July 18, 2020 and August 7, 2020 as well a [sic] numerous notices and filings complaining about the indiscriminate classification of these documents." (ECF No. 212.)

- **August 18, 2020:** County Defendants send a letter to Hari in response to his August 12 letter. (*Id.* at 8.) In this letter, County Defendants state they believe "the Protective Order is a standing Court order which cannot be amended by the parties." (*Id.*)

- **August 18, 2020:** Hari sends a letter to County Defendants he titles as a meet and confer regarding a joint motion for continued sealing after the Court's August 17, 2020 Order. (ECF No. 158.)[11] In this letter, he requests unsealing of all of the documents addressed in the order. (*Id.* at 1.) Hari sends additional letters to County Defendants on this date. One challenges the redaction of certain discovery. (ECF

---

[10] County Defendants indicate they mailed this letter the following day, August 14, 2020. (ECF No. 156 at 1.)
[11] Hari also filed this letter a second time. (*See* ECF No. 170.)

No. 171.) One proposes amending the complaint and asks for County Defendants'
input. (ECF No. 172.)  One requests "Post Orders" and shift briefings in response
to his discovery requests.  (ECF No. 173.)

- **August 21, 2020:** County Defendants file a letter with the Court requesting the
  Court summarily deny Hari's Motion to Change 'Confidential' Designation of
  Documents (ECF No. 151) arguing that the motion is "premature and unnecessarily
  vexatious."  (ECF No. 156 at 1.)  Attached to this letter are the letters sent from
  County Defendants to Hari on August 10 and 14, 2020. (ECF Nos. 156-1 & 156-2.)

- **August 24, 2020:** Hari sends a letter to County Defendants titled "RE: New Letter
  on 2nd Amended Complaint, Meet Confer etc." (ECF No. 181-1.)  In this letter,
  Hari writes, in relevant part:

  > Before you get bent out of shape since I just sent you a meet
  > and confer last week, I am hanging on to this for a couple of
  > extra days so that you can see just what I'm proposing before I
  > drop it in the mail to file it.  I don't mean to file this until Friday
  > at the earliest, that is the 28th, ten days since the first letter I
  > sent you and 8 days since the second, and hopefully you will
  > get this in time to review it before it would get to the
  > courthouse.  I'm trying to be very careful about letting you
  > have your time to decide on this stuff and meet and confer
  > before I file it since the Order of the 17th of August.  I'd like
  > to have your input on this and make this a joint motion if we
  > can do it . . . If the proposal doesn't suit you, you don't need to
  > bother calling.  I'll just file it if I don't hear from you.

(*Id.* at 1.)

- **August 25, 2020:** Hari sends a letter to County Defendants titled "RE: Motion to Change Designation, Meet and Confer, etc." (ECF No. 165.)[12] In this letter, Hari states he received a letter that County Defendants had sent to the Court. (*Id.* at 1.) Hari also acknowledges the Court's August 17, 2020 Order, which cautioned Hari that he must engage in meaningful meet and confers prior to filing motions. (*Id.* at 2.)

- **August 27, 2020:** Hari sends a letter that he designates as a meet and confer to County Defendants, asking for responses to the 13 interrogatories he served on Defendant James Stuart. (ECF No. 185.) He writes that he did not receive responses, requests a phone call, and concludes that if he is not called, he will "assume they were not sent." (*Id.* at 1.)

- **August 28, 2020:** Hari sends a letter to the Court where he argues that he began the meet and confer process on the confidential designation of documents in his July 18th letter as opposed to the letters dated August 6 and 7. (ECF No. 183.) In this letter Hari states, in relevant part:

  > I have made changes to the way I conduct meet-and-confer attempts with Defendants. Going forward, I send them a letter with my concerns with a telephone number. I've told Defendants that if they agree with my proposal (or has [sic] input) to call the number and leave me a message. I check that number daily. This way I am not "sitting by the mailbox" for weeks looking for an email . . . This is now the best I can do.

---

[12] Hari also files this letter with other documents. (*See* ECF No. 183-1 at 12-13.)

(*Id.* at 2.)  Hari further states that, in his mind, he has three issues pending with County Defendants, namely the classification of documents, a proposal to amend the complaint, and "another discovery dispute over requests for admissions and written interrogatories" that had been served on July 23, 2020.  (*Id.*)  Hari then writes as to the interrogatory issue that if counsel for County Defendants does not "raise an objection or otherwise contact me, I don't know what I can do but ask for a Motion to Compel."  (*Id.*)

- **September 1, 2020:** County Defendants send a letter to Hari "in response to your various discovery letters served and filed with the Court."  (ECF No. 225 at 2-3.) In this letter, County Defendants address certain discovery positions.  (*Id.*)

- **September 5, 2020:** Hari sends a letter titled "Sept 1st Yount Letter Response" to County Defendants.  (ECF No. 225 at 4-5.)  In this letter, Hari asks for County Defendants to clarify certain positions stated in their September 1 letter.  (*Id.*)

- **September 9, 2020:** Hari sends a letter to County Defendants titled "19cv-2547 Hari et al. v Stuart et al. Meet and Confer Personnel File/Discovery."  (ECF No. 204.)  He writes that this is a letter in response to County Defendants' September 1, 2020 letter.  (*Id.* at 1.)  He outlines disagreements regarding discovery of certain personnel files, makes various suggestions on how to handle the issue, and concludes the letter by writing, "I'd like your response back by the 20th of September . . . Otherwise I intend to file a Motion to Compel for relevant material from the personnel files only, or maybe (since you suggest it) an *in camera* review." (*Id.*)

## II. ANALYSIS

The Federal Rules of Civil Procedure require a party to include "a certification that the movant has in **good faith** conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1) (emphasis added). The meet-and-confer requirement is also outlined by the District's Local Rules. *See* D. Minn. LR 7.1(a) ("Before filing a motion other than a motion for a temporary restraining order or a motion under Fed. R. Civ. P. 56, the moving party must, if possible, meet and confer with the opposing party **in a good-faith effort** to resolve the issues raised by the motion.") (emphasis added). "Before the court can rule on a motion, the parties must demonstrate they **acted in good faith** to resolve the issue among themselves." *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (emphasis added). Thus, as Hari has been reminded, the meet-and-confer requirement "is only fulfilled when parties have engaged **in a genuine and good-faith** discussion about each discovery request that is in dispute." *Mgmt. Registry, Inc. v. A.W. Companies, Inc.*, No. 17-cv-5009 (JRT/KMM), 2019 WL 2024538, at *1 (D. Minn. May 8, 2019) (emphasis added). "In other words, it is not enough . . . to send an email or letter to opposing counsel essentially stating: 'Comply, in full, with all of our discovery requests or we will file a motion to compel,' and engage no further in a discussion about each side's position." *Id.*

The Court has reviewed in great detail the numerous communications sent between Hari and County Defendants prior to these motions being filed, *see supra* at Section I(B), and finds that Hari did not meet and confer in good faith with County Defendants before filing his motions.

Hari sent his motion to compel on September 17, 2020.  (ECF No. 215 at 11.)  In the attached meet and confer statement, Hari wrote in relevant part:

> Plaintiff Hari and the Defendants exchanged letters on the 27th of August (Hari) and the 1st of September (Defendants), and Hari then sent two letters—one to Wood and one to Stuart inviting Stuart and Wood to confer by telephone or letter, and asking for their reply by the 15th of September.  As of the 17th of September, no reply has been received.

(ECF No. 215-1 at 1.)[13]

Hari sent his motion for an order to show cause on September 20, 2020 (ECF No. 223-1 at 1.)  In the attached meet and confer statement, Hari wrote, "The Plaintiff made an attempt to meet and confer with the Defendants by sending them a letter on 8/6/20. The Defendants replied on September 1st, 2020, stating that they were working on the request for shift briefings, but non [sic] have been received."  (ECF No. 223 at 2.)

Hari also sent his motion for *in camera* review on September 20, 2020.  (ECF No. 227-1 at 1.)  In the attached meet and confer statement, Hari wrote, "The Plaintiff made an attempt to meet and confer with the Defendants by sending them a letter on 8/6/2020.  The Defendants responded on September 1st, 2020, requesting an additional court order for production of these documents.   On September 9, 2020, the Plaintiff responded with another letter, and has not received a reply."  (ECF No. 227 at 2.)

Hari also sent his motion for sanctions on September 20, 2020.  (ECF No. 229 at 8.)  In his meet and confer statement, Hari wrote that he "attempted to meet and confer with the Defendants by sending them a letter on the 6th of August, which the Defendants replied

---

[13] This statement was also filed at ECF No. 219.

to reporting no more emails or attachments remained to produce on September 1st, 2020." (*Id.* at 9.)

The review of the letters sent on August 6, September 5, and September 9 do not show evidence of proper meet and confer prior to Hari filing his motions. The August 6 letter is a lengthy list of discovery issues and only mentions filing a motion in a separate case. (*See* ECF No. 183-1 at 2.) Hari himself concludes in that letter that "[t]his is not a complete list, only a guide to help you understand what I am still missing, and what needs to change." (ECF No. 183-1 at 2.) The September 5 letter asks County Defendants to further clarify the positions they asserted in a letter dated September 1, and the only language that could possibly be construed as moving to seek relief from the Court is when Hari writes "Rule 56 motion?"[14] on page 2 after suggesting that the parties will need more time to conduct discovery. (ECF No. 225 at 5.)

The September 9 letter is also not a proper meet and confer, because Hari again failed to give County Defendants adequate time to respond to his suggestion that if the parties cannot come to an agreement on the issues of the personnel files, he will then seek relief from the Court. (ECF No. 204 at 1.) Hari then gives County Defendants an ultimatum: reply by September 20, or I will file a motion. (*Id.*)

The Court has outlined in a separate order that the delay in responding was "understandable" in light of the number of requests Hari had sent at that time. (ECF No. 333 at 4.) Further, Hari did not comply with the August 17, 2020 Order. The brief

---

[14] The Court is unsure of what exactly Hari suggests when he writes "Rule 56 Motion?" as this Federal Rule of Civil Procedure deals with Summary Judgment.

statements he attached to the motions does not "include either the correspondence that he sent to the other side and their response or provide a sufficiently detailed summary of the meet and confer to show that a proper one took place." (ECF No. 142 at 9.) Hari's citation to letters filed at various points throughout this litigation similarly does not amount to sufficient correspondence, particularly because the letters he cites to either outline a variety of issues, do not suggest specifically that he will be seeking relief from the Court, or do not include a reply from Defendants after he states he wishes to seek relief from the Court. In three of the four meet and confer statements on these motions, Hari acknowledges that he has not received a response from County Defendants. (*See* ECF No. 215-1 at 1 (motion to compel); ECF No. 223 at 2 (motion for an order to show cause); ECF No. 227 at 2 (motion for *in camera* review).) Other comments by Hari also acknowledge that he plans on filing motions without waiting for a reply from County Defendants. (*See* ECF No. 181-1; ECF No. 183 at 2; ECF No. 185 at 1.)

In sum, due to the sheer volume and scope of Hari's requests, along with his inability to show that he engaged in any meaningful back-and-forth communication on specific issues prior to seeking relief from the Court, the Court denies each of Hari's motions. The Court again reminds Hari that, in any future motion practice, he must show that he meaningfully met and conferred with Defendants by attaching correspondence that demonstrates a meaningful conversation took place on a specific discovery issue, including Defendants' response to a suggestion to seek relief from this Court.

Finally, Hari's actions and manner of litigating the motions addressed by the Court in this Order additionally reinforce the increasingly ineluctable reality that Hari is

intentionally "conducting this and other lawsuits in a manner to oppress and unduly burden opposing parties and the Court with vexatious litigation." (ECF No. 333 at 4.) Hari is again cautioned that should litigation continue in this manner, the Court may well avail itself of any and all tools set forth under the rules, law, previous orders, and Section 7 below, including for purposes of emphasis and not limitation, summarily denying Hari's motions that fail to comply with all applicable orders, rules, and law.

### III. ORDER

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Hari's "Request to Withdraw Motion to Compel Answer to Interrogatories and Requests for Admissions Admitted" (ECF No. 187) is **GRANTED** and his Motion to Compel Answers to Interrogatories and Deem Requests for Admissions Admitted (ECF No. 197) is **WITHDRAWN**.

2. Hari's  Motion to Compel Answers to Discovery Requests (ECF No. 215) is **DENIED**.

3. Hari's Verified Motion for Rule to Show Cause (ECF No. 223) is **DENIED**.

4. Hari's Verified Motion for An Order Compelling Production for the Purpose of in camera Review (ECF No. 227) is **DENIED**.

5. Hari's Motion for Sanctions under Rule 37(e) for Spoliation of Evidence (ECF No. 229) is **DENIED**.

6. All prior consistent orders remain in full force and effect.

7. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; summary denial of motions; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial

default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: April  22 , 2021

                        *s/Tony N. Leung*
                        Tony N. Leung
                        United States Magistrate Judge
                        District of Minnesota

                        *Laughlin, et al. v. Stuart, et al.*
                        Case No. 19-cv-2547 (ECT/TNL)