UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Malik Laughlin, et al.,           Case No. 19-cv-2547 (ECT/TNL)

Plaintiffs,

v.           **ORDER**

James Stuart, et al.,

Defendants.

Malik Laughlin, MCF-Stillwater, 970 Pickett Street North, Bayport, MN 55003; Kenneth Lewis, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330;[1] and Michael Hari, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330 (pro se Plaintiffs);

Robert I. Yount, Assistant Anoka County Attorney, Government Center, 2100 Third Avenue, Suite 720, Anoka, MN 55303 (for Defendants James Stuart, Jonathon Evans, Lt. Sheila Larson, Sgt. Carrie Wood, and Jesse Rasmussen); and

Gary K. Luloff and Jennifer J. Crancer, Chestnut Cambronne PA, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401 (for Defendant Tessa Villegas).

This matter is before the Court on Defendants Anoka County Sheriff James Stuart, Deputy Jonathon Evans, Lieutenant Sheila Larson, Sergeant Carrie Wood, and Deputy Jesse Rasmussen's (hereinafter "County Defendants") Motion for Sanctions and to Strike ECF Nos. 246 & 247 (ECF No. 257). For the reasons set forth below, the Court will deny the motion.

---

[1] Plaintiffs Hari and Laughlin both provided this address for Plaintiff Lewis. (*See* ECF Nos. 262, 264.) A recent search of the Sherburne County Jail shows Lewis is currently in custody. *See* https://inmatelocatorext.co.sherburne mn.us/inmatelocator/ (last visited April 27, 2021).

## I.  BACKGROUND

Plaintiffs Malik Laughlin, Kenneth Lewis, and Michael Hari brought this action pursuant to 42 U.S.C. § 1983 in August 2019.  (ECF No. 1.)  The allegations asserted in the operative complaint arise from events that occurred while all three were inmates at the Anoka County Jail.  (*See generally* Second Am. Complaint, ECF No. 311.)

In October of 2020, Plaintiffs Hari and Laughlin filed with the Court an updated address for Plaintiff Lewis.  (*See* ECF Nos. 246 & 247.)  County Defendants challenge these filings and ask the Court to strike them from the record.  (Cty. Defs.' Mem. in Supp. ("Mem. in Supp.") at 9, ECF No. 258; *see also id.* at 1 ("On October 22, 2020, [Hari] squarely signed and filed a document on behalf of co-Plaintiff Kenneth Lewis—and one that substantively implicates Lewis's rights in the case.").)

County Defendants use the change of address notice filed by Hari to object generally to a number of filings they argue demonstrate Hari's "improper practice of law." (*Id.* at 1; *see also id.* at 7 ("Taken together, the record shows Hari has been impermissibly signing and filing documents on behalf of other parties to the action.").)[2]  These filings include Plaintiffs' Motion for Leave to Amend Their Civil Rights Complaint, filed on May 18, 2020 (ECF No. 64), and Plaintiffs' Amended Civil Rights Complaint, filed on June 23, 2020 (ECF No. 85).  County Defendants also note that Hari filed what they classify as a "letter on behalf of Lewis notifying the Court that Lewis had been acquitted in his criminal matter," (Mem. in Supp. at 2 (citing ECF No. 244)), and a letter that improperly sought to

---

[2] County Defendants note that while Laughlin also filed a change of address form on behalf of Lewis that they seek to have stricken from the record, they do not believe sanctions against him are warranted because "[t]he record does not contain any prior instances of Laughlin litigating claims on behalf of other parties." (*Id.* at 1 n.1.)

2

settle Lewis's claims against Defendant Tessa Villegas. (*Id.* at 6 (citing ECF No. 258)).) Lastly, County Defendants state that Hari improperly filed a letter which corrected typographical errors in the proposed Second Amended Complaint, as it was not signed off on by Laughlin or Lewis. (*Id.* at 2-3 (citing ECF No. 254).) County Defendants did not file any motion challenging the motion to amend the original complaint or the amended complaint, and do not now ask for any specific relief as it relates to those documents. They do ask for the Court to disregard Hari's proposed corrections to the second amended complaint.[3] (*Id.* at 9.)

County Defendants suggest that while the record supports their view that Hari has been litigating on behalf of the other two Plaintiffs—including suggesting that Hari reused a signature block on what was at the time the operative complaint (*see id.* at 2)—it is the notice of Lewis's new address that County Defendants deem to require filing a motion for sanctions. (*See id.* at 4 ("And now more brazenly, Hari filed an amended contact address on behalf of Lewis, which has no bearing on Hari's personal claims"); 5 ("Hari's recent change-of-address document is different. It directly implicates Lewis's rights.").) In addition to asking the Court to strike ECF Nos. 246 and 247 and disregard ECF No. 254, County Defendants ask the Court to "fashion appropriate sanctions in its discretion" including ordering Hari pay the costs and fees associated with bringing the motion or requiring future filings bearing a signature be notarized. (*Id.* at 8.)

---

[3] The Court did not consider these proposed corrections when considering Plaintiffs' motion to amend, as they were not legally determinative of whether Plaintiffs had demonstrated good cause to amend their complaint. (*See generally* ECF No. 303 (granting in part and denying in part Plaintiffs' "Joint Motion for Leave to Amend Rights Complaint").) Plaintiffs have since filed their Second Amended Complaint. (ECF No. 311)

Only Hari responded to this motion. (*See* Pl. Hari's Mem. in Opp'n ("Mem. in Opp'n"), ECF No. 265.) He argues that sending an updated address for Lewis was not practicing law or acting on Lewis's behalf, but that he "merely provid[ed] useful information as a courtesy to the clerk, court, and other parties." (*Id.* at 2.) He further alleges that County Defendants filed similar notes indicating Lewis' new address at an earlier point in the litigation. (*Id.* (citing September 30, 2019 and October 17, 2019 docket note entries).)[4] Hari also argues that the other filings County Defendants call into question were not filed on behalf of the other Plaintiffs and that any speculation that Hari reused or forged signatures on other documents is irrelevant to County Defendants' motion. (*Id.* at 2-6.) He concludes that County Defendants' motion "is merit-less and frivolous and vexatious" and does not comport with Rule 11, which requires a party moving for sanctions to describe specific conduct that violates Rule 11(b). (*Id.* at 8, 10.)

## II. ANALYSIS

County Defendants ask for sanctions against Hari on the basis that he has practiced law on behalf of the other two Plaintiffs. County Defendants, however, do not cite a violation of Rule 11(b) that would form the basis of the motion. *See* Fed. R. Civ. P. 11(c)(1) ("If, after notice and a reasonable opportunity to respond, **the court determines that Rule 11(b) has been violated**, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation.") (emphasis added); *see also* Fed.

---

[4] These notes state that the addresses of Lewis and Hari were updated "per note on returned envelope" which had been sent to Anoka County, and a search of the Sherburne County Jail's inmate roster. Nothing in the record indicates that counsel for County Defendants or any of the Defendants listed in this action updated the address for any Plaintiff.

4

R. Civ. P. 11(c)(2) ("A motion for sanctions . . . must describe the specific conduct that allegedly violates Rule 11(b)."). There is no citation to Rule 11(b) in County Defendants' motion, memorandum, or declaration in support of the motion.

The Court also has concerns with the process which County Defendants used to file this motion. "A motion for sanctions . . . must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). While County Defendants sent a letter to Plaintiffs which warned that they would move for sanctions, (see Ex. A to Yount Decl. at 1, ECF No. 259-1), this was sent on June 24, 2020, in response to the filing of the amended complaint. (See id. "Upon reviewing Doc. No. 85-2, mailed by Mr. Hari and filed with the Court on June 23, 2020 . . .".)[5] While Hari and the other Plaintiffs may have been on notice that County Defendants were concerned that Hari was practicing law and filing documents on behalf of the other Plaintiffs, County Defendants provide no evidence that they contacted Hari and Laughlin after they filed the change of address notices currently challenged in this motion to allow them to withdraw these filings, as Rule 11 requires. Thus, because County Defendants have not complied with Rule 11, the Court denies the motion.

### III.   FUTURE LITIGATION

Though the Court is denying the motion, it nevertheless notes that it is incumbent upon Plaintiffs to comply with Rule 11(a), which states, in relevant part:

---

[5] The letter likewise only gave Plaintiffs 14 days to correct the purportedly sanctionable conduct. (See id. ("This letter hereby serves as notice that unless you respond to this letter with an explanation within **14 calendar days**, the County Defendants will seek to move to strike the pleading in its entirety . . . and will move for sanctions."))

5

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented . . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a).

"[W]here the document is tendered and signed by a nonlawyer on behalf of another, then there comes into play the underlying principle . . . that in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998); *cf.* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel."). This extends to prisoner litigation. *See Smith v. Washington*, No. 1:17-CV-285, 2018 WL 6981149, at *3 (W.D. Mich. Dec. 4, 2010) (finding that a non-attorney pro se plaintiff cannot represent other plaintiffs in civil rights prisoner litigation under 42 U.S.C. § 1983), *report and recommendation adopted*, 2019 WL 131997 (W.D. Mich. Jan. 8, 2019).

Going forward, the Court reminds the three pro se Plaintiffs that they are each personally responsible for litigating the claims they have alleged in this suit. This includes signing their own pleadings and personally updating the Court with any future change in address. For purposes of emphasis and not limitation, Plaintiff Hari is reminded that he is not licensed to represent any of the other Plaintiffs in this case. *See* Minn. Stat. § 481.02 (2020) (criminalizing the unauthorized practice of law). Plaintiffs Laughlin and Lewis would be well served to understand this also. Should any of the Plaintiffs fail to adhere to

6

Rule 11(a), the Court may well avail itself of any and all tools set forth under Section 3 below, including but not limited to the striking of pleadings or complete or partial dismissal of claims with prejudice.

### IV. ORDER

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. County Defendants' Motion for Sanctions and to Strike ECF Nos. 246 & 247 (ECF No. 257) is **DENIED**.

2. All prior consistent orders remain in full force and effect.

3. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; summary denial of motions; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: April __27__, 2021

              _s/Tony N. Leung_
              Tony N. Leung
              United States Magistrate Judge
              District of Minnesota

              *Laughlin, et al. v. Stuart, et al.*
              Case No. 19-cv-2547 (ECT/TNL)