UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Malik Laughlin, et al.,  Case No. 19-cv-2547 (ECT/TNL)

    Plaintiffs,

v.  **ORDER**

James Stuart, et al.,

    Defendants.

Malik Laughlin, MCF-Stillwater, 970 Pickett Street North, Bayport, MN 55003; Kenneth Lewis, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330;[1] and Michael Hari, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330 (pro se Plaintiffs);

Robert I. Yount, Assistant Anoka County Attorney, Government Center, 2100 Third Avenue, Suite 720, Anoka, MN 55303 (for Defendants James Stuart, Jonathon Evans, Lt. Sheila Larson, Sgt. Carrie Wood, and Jesse Rasmussen); and

Gary K. Luloff and Jennifer J. Crancer, Chestnut Cambronne PA, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401 (for Defendant Tessa Villegas).

This matter is before the Court on two motions: Plaintiff Michael Hari's ("Hari") Motion in Limine (ECF No. 275); and Hari and Plaintiff Malik Laughlin's ("Laughlin") Motion for Issuance of Subpoenas, Writs of Habeas Corpus ad Testificandum, and For Service by the Marshals and Fees at Public Expense (ECF No. 305). For the reasons set forth below, the Court denies each of these motions.

---

[1] Plaintiffs Hari and Laughlin both provided this address for Plaintiff Lewis. (*See* ECF Nos. 262, 264.) A recent search of the Sherburne County Jail shows Lewis is currently in custody. *See* https://inmatelocatorext.co.sherburne mn.us/inmatelocator/ (last visited April 27, 2021).

1

## I. BACKGROUND

Plaintiffs Laughlin, Kenneth Lewis ("Lewis"), and Hari brought this action pursuant to 42 U.S.C. § 1983 in August 2019. (ECF No. 1.) The allegations asserted in the operative complaint arise from events that occurred while all three were inmates at the Anoka County Jail. (*See generally* Second Am. Compl., ECF No. 311.)

Hari and Lewis are currently detained at the Sherburne County Jail. (*See* ECF No. 317 at 4-6.) Laughlin is incarcerated at MCF-Stillwater (*See id.* at 3, 6.) Pursuant to the operative Amended Pretrial Scheduling Order, this case shall be trial ready as of July 14, 2021. (ECF No. 313 ¶ 5.)

## II. ANALYSIS

In these two motions, certain Plaintiffs make specific requests as it relates to trial in this matter.[2] Under the operative Amended Pretrial Scheduling Order, dispositive motions are due on June 14, 2021 and, should causes of action survive any potential dispositive motion practice, the case is scheduled to be trial ready as of July 14, 2021. (ECF No. 313 ¶¶ 4-5.)

Given these developments, the two motions are premature. Hari's motion in limine, discusses the scope of evidence for trial. (*See generally* ECF No. 275.) Hari and Laughlin's motion requests the Clerk of Court issue and the US Marshals serve subpoenas at government expense, pay certain witness fees, and transport all three Plaintiffs for trial. (*See generally* ECF No. 305.) At this juncture, nondispositive and dispositive motion

---

[2] Prior to Plaintiffs filing their Second Amended Complaint (ECF No. 311) and the Court issuing an Amended Pretrial Scheduling Order (ECF No. 313), this case was set to be trial ready on February 23, 2021. (ECF No. 82 ¶ 5.)

2

practice is still before the Court. (*See, e.g.*, ECF No. 317 (Plaintiffs' Motion to Enlarge the Time for an Amended Complaint); ECF No. 321 (Defendant Tessa Villegas's Motion to Dismiss Plaintiffs' Second Amended Complaint).)  Further, should the Court allow Plaintiffs to amend the complaint a third time, the Court may also shift other deadlines.

The Court will deny these motions as they are not yet ripe for consideration.  Should this case survive dispositive motion practice, Plaintiffs may file trial-related motions pursuant to the presiding District Judge's trial procedures.

### III.   ORDER

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Hari's Motion in Limine (ECF No. 275) is **DENIED**.

2. Hari and Laughlin's Motion for Issuance of Subpoenas, Writs of Habeas Corpus ad Testificandum, and For Service by the Marshals and Fees at Public Expense (ECF No. 305) is **DENIED**.

3. All prior consistent orders remain in full force and effect.

[continued on next page]

4. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; summary denial of motions; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: April  27 , 2021                             s/Tony N. Leung
                                        Tony N. Leung
                                        United States Magistrate Judge
                                        District of Minnesota

                                        *Laughlin, et al. v. Stuart, et al.*
                                        Case No. 19-cv-2547 (ECT/TNL)