UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Malik Laughlin, et al., | Case No. 19-cv-2547 (ECT/TNL) |
| Plaintiffs, | |
| v. | REPORT & RECOMMENDATION |
| James Stuart, et al., | |
| Defendants. | |

Malik Laughlin, OID #259995, MCF-Rush City, 7600 525th Street, Rush City, MN 55069; Kenneth Lewis, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330;[1] and Michael Hari, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330 (pro se Plaintiffs);

Robert I. Yount, Assistant Anoka County Attorney, Government Center, 2100 Third Avenue, Suite 720, Anoka, MN 55303 (for Defendants James Stuart, Jonathon Evans, Lt. Sheila Larson, Sgt. Carrie Wood, and Jesse Rasmussen); and

Gary K. Luloff and Jennifer J. Crancer, Chestnut Cambronne PA, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401 (for Defendant Tessa Villegas).

This matter is before the Court on Plaintiff Malik Laughlin's ("Laughlin") "Motion for injunction relief" (ECF No. 288). This motion has been referred to the undersigned for a report and recommendation to the district court, the Honorable Eric C. Tostrud, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1.

Based upon the record, memoranda, and proceedings herein, **IT IS HEREBY**

---

[1] Plaintiffs Hari and Laughlin both provided this address for Plaintiff Lewis. (*See* ECF Nos. 262, 264.) A recent search of the Sherburne County Jail shows Lewis is currently in custody. *See* https://inmatelocatorext.co.sherburne mn.us/inmatelocator/ (last visited May 11, 2021).

**RECOMMENDED** that the motion be **DENIED**.

## I. BACKGROUND

Plaintiffs Laughlin, Kenneth Lewis ("Lewis"), and Michael Hari ("Hari") brought this action pursuant to 42 U.S.C. § 1983 in August 2019. (ECF No. 1.) The allegations asserted in the operative complaint arise from events that occurred while all three were inmates at the Anoka County Jail. (*See generally* Second Am. Compl., ECF No. 311.) The defendants in this matter were employed by Anoka County during the relevant time period. (*Id.*) Hari and Lewis are currently detained at the Sherburne County Jail. (*See* ECF No. 317 at 4-6.) Laughlin was previously incarcerated at MCF-Stillwater (*See id.* at 3, 6.) On April 29, 2021, Laughlin filed a notice of change of address informing the Court that he had been moved from MCF-Stillwater to MCF-Rush City. (*See* ECF No. 344.)

## II. ANALYSIS

Laughlin requests this Court "make it possible for the plaintiff's [sic] to communicate our lawsuit through the mail." (ECF No. 289 at 2.) As far as the Court can tell, Laughlin alleges that staff at MCF-Stillwater stop incoming mail from Lewis and Hari (who are currently housed at the Sherburne County Jail) on the basis that "there is no imate to imate [sic] lawyering or legal advice through mail and get a lawyer." (*Id.*)

Laughlin argues that the three Plaintiffs are jointly litigating this case and that it is "extremely difficult to get anything done." (*Id.*) He further argues that Plaintiffs are disadvantaged by "having trouble with legal talk" between themselves via mail. (*Id.* at 3.) He cites only to *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013), for the legal basis that this Court could order MCF-Stillwater to turn over certain mail from Hari and Lewis

2

on the basis that the "proceedings is [sic] incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." (*Id.* at 2.) Laughlin concludes that granting this relief will reduce time and costs on the Court, make this litigation less complicated with fewer motions and controversies, and support the interests of all parties. (*Id.* at 2-3.) Neither County Defendants nor Defendant Villegas responded to this motion with any objection.

The Court will nevertheless recommend denying this motion. As a preliminary matter, the law that Laughlin cites forms no legal basis for the relief that he seeks. His citation to *Cottrell* discusses the Court's inherent authority to grant a stay in the interest of controlling its docket.[2] *See* 737 F.3d at 1248.

This motion is also moot. "The Eighth Circuit has consistently held that a prisoner's transfer to a different facility in which the alleged unlawful conduct no longer exists renders that prisoner's request for injunctive relief moot." *Akehurst v. Mundt*, No. 01-cv-574 (JRT/RLE), 2002 WL 1729521, at *2 (D. Minn. July 23, 2002) (citations omitted). Laughlin's request is for this Court to order staff at MCF-Stillwater, a prison within the Minnesota Department of Corrections ("MN DOC") system,[3] to produce certain incoming mail from Hari and Lewis. Laughlin, however, has recently been transferred from MCF-Stillwater to MCF-Rush City, a different prison in the MN DOC system.[4] (*See* ECF No.

---

[2] Laughlin is reminded that motions must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). His pro se status does not exempt him from following applicable rules and law. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").

[3] *See* MINNESOTA DEPARTMENT OF CORRECTIONS FACILITIES, https://mn.gov/doc/facilities/stillwater/ (last visited May 11, 2021).

[4] *See id.*, https://mn.gov/doc/facilities/rush-city/ (last visited May 11, 2021).

3

344.)

Nor does Laughlin's motion comply with the Federal Rules of Civil Procedure. Given that Laughlin's motion asks for "injunction relief," the Court interprets Laughlin's motion as one seeking a preliminary injunction. A court "may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). MN DOC and MCF-Stillwater, however, are not parties to this suit.[5] Nor are any MN DOC or MCF-Stillwater employees. The record is devoid of evidence that Laughlin provided notice to MN DOC or MCF-Stillwater that he was seeking this relief.

Even if this Court were to assume that Laughlin was seeking an ex parte temporary restraining order, his motion would still be deficient. A court may only issue a temporary restraining order without notice if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the [movant] certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B). Laughlin has not demonstrated that irreparable injury, loss, or damage would result prior to giving notice to MN DOC or MCF-Stillwater; nor has he provided the Court with any attempt to provide notice to those parties or stated reasons why notice should not be required in this instance.

Further, even if Laughlin had complied with the rules regarding notice, the Court

---

[5] Laughlin's memorandum focuses on the actions of staff at MCF-Stillwater. (*See generally* ECF No. 289.) The Court notes that mail from Hari and Lewis would originate presumably from Sherburne County, and presumably that is also where Laughlin would be sending mail.

4

finds it unlikely that it could bind MN DOC or MCF-Stillwater, which are not parties in this case. Rule 65(d)(2) provides that an injunction or restraining order "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described" in paragraphs (A) or (B). Fed R. Civ. P. 65(d)(2)(A)-(C). The Supreme Court, in examining Rule 65(d)(2), has stated:

> This [rule] is derived from the common law doctrine that a decree of injunction not only binds the parties defendant but also those identified with them in interest, in "privity" with them, represented by them or subject to their control. In essence it is that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding.

*Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 14 (1945).

"Injunctive relief, by its very nature, can only be granted in an *in personam* action by one party against another in accordance with established process. Consequently, a party cannot obtain injunctive relief against another without first obtaining *in personam* jurisdiction over that person or someone in legal privity with that person." *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 957 (4th Cir. 1999). Put another way, a court "cannot lawfully enjoin the world at large, no matter how broadly it words its decree . . . It is not vested with sovereign powers to declare conduct unlawful; its jurisdiction is limited to those over whom it gets personal service, and who therefore can have their day in court." *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832-33 (2d Cir. 1930).

Lastly, even if this Court could bind non-parties MCF-Stillwater or MN DOC to

5

this case, a preliminary injunction is not appropriate because Laughlin has not established a relationship between the motion's requested relief with the relief requested in Plaintiffs' operative complaint. "A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 & n.5 (8th Cir. 1981) (en banc)). "Even when a party 'raises a serious issue, the purpose of a preliminary injunction is to protect the plaintiff from harms alleged in the complaint while litigation is pending.'" *Green v. Doe*, No. 16-cv-3945 (PJS/SER), 2018 WL 1023784, at *9 (D. Minn. Jan. 29, 2018) (quoting *Fry v. Minn. Dep't of Corr.*, No. 05-cv-1327 (JNE/JJG), 2006 WL 2502236, at *1 (D. Minn. Aug. 29, 2006)), *report and recommendation adopted*, 2018 WL 1015343 (D. Minn. Feb. 22, 2018). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose*, 42 F.3d at 471 (citation omitted). "A court must deny a motion for a preliminary injunction if the injunction sought differs in character from the relief that may be finally granted after trial on the merits or when the preliminary injunction contemplates matters unrelated to the underlying action." *Dahhane v. Stanton*, No. 15-cv-1229 (PJS/JJK), 2015 WL 9244490, at *2 (D. Minn. Dec. 10, 2015), *report and recommendation adopted*, 2015 WL 9165883 (D. Minn. Dec. 16, 2015).

Laughlin's motion requests that MCF-Stillwater employees change their policy to allow him to communicate with Lewis and Hari through the mail. (*See* ECF No. 289 at 2.) The operative Second Amended Complaint alleges that Defendants violated Laughlin's

constitutional rights by intercepting and interfering with his legal mail and preventing him meaningful access to the courts and counsel through access to private telephones and research computers while he was housed at the Anoka County Jail. (*See generally* Second Am. Compl.)  As an initial matter, Laughlin does not attempt in his motion to establish a relationship between his claims in the operative complaint and the injury in his motion, focusing instead on how granting the motion would streamline this litigation. (*See* ECF Nos. 288 & 289.)  Even if he had, however, the Court would still find that these new complaints of mistreatment by officials at MCF-Stillwater are different from the conduct and claims raised in the Second Amended Complaint. *See Devose*, 42 F.3d at 471.  While both the operative complaint and the motion discuss conduct relating to the handling of mail in jail and prison facilities, the alleged conduct of MCF-Stillwater employees, which purportedly hinders Laughlin's ability to communicate with Plaintiffs Hari and Lewis about this case, is unrelated to the conduct alleged against Anoka County Jail employees, namely that those officials interfered with his legal mail.[6]

In sum, (1) Laughlin's motion is moot; (2) the motion is procedurally deficient and fails to meet the relevant requirements of Federal Rule of Civil Procedure 65; (3) the Court does not believe it can bind MN DOC and/or MCF-Stillwater to an injunction when it lacks personal jurisdiction over those non-parties; and (4) Laughlin has not connected his requests in the motion to the conduct and claims outlined in the operative complaint.

---

[6] The Court has previously reminded Laughlin that he is personally responsible for litigating the claims he alleged in this suit and that the other non-lawyer Plaintiffs cannot represent him. (*See* Apr. 27, 2021 Order at 6, ECF No. 342.) The Court again reminds Laughlin that he may either proceed pro se or obtain counsel to represent him in this case. *See* 28 U.S.C. § 1654.

Therefore, the Court recommends that Laughlin's motion be denied.

### III.   RECOMMENDATION

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Laughlin's "Motion for injunction relief" (ECF No. 288) be **DENIED**.

Date: May   11  , 2021                    *s/Tony N. Leung*
                                          Tony N. Leung
                                          United States Magistrate Judge
                                          District of Minnesota

                                          *Laughlin, et al. v. Stuart, et al.*
                                          Case No. 19-cv-2547 (ECT/TNL)

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).