UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Malik Laughlin, et al.,                    Case No. 19-cv-2547 (ECT/TNL)

    Plaintiffs,

v.                                         **ORDER**

James Stuart, et al.,

    Defendants.

---

Malik Laughlin, OID #259995, MCF-Rush City, 7600 525th Street, Rush City, MN 55069; Kenneth Lewis, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330;[1] and Michael Hari, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330 (pro se Plaintiffs);

Robert I. Yount, Assistant Anoka County Attorney, Government Center, 2100 Third Avenue, Suite 720, Anoka, MN 55303 (for Defendants James Stuart, Jonathon Evans, Lt. Sheila Larson, Sgt. Carrie Wood, and Jesse Rasmussen); and

Gary K. Luloff and Jennifer J. Crancer, Chestnut Cambronne PA, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401 (for Defendant Tessa Villegas).

---

This matter is before the Court on Plaintiff Michael Hari's ("Hari") Verified Emergency Motion for a Temporary Restraining Order and Preliminary Injunction and for Sanctions for Violation of the Protective Order (ECF No. 327). Though styled as a motion for injunctive relief, the Court has interpreted Hari's motion as one for enforcement of the Protective Order (ECF No. 68) filed in this case.[2] *See Erickson v. Pardus*, 551 U.S. 89,

---

[1] Plaintiffs Hari and Laughlin both provided this address for Plaintiff Lewis. (*See* ECF Nos. 262, 264.) A recent search of the Sherburne County Jail shows Lewis is currently in custody. *See* https://inmatelocatorext.co.sherburne.mn.us/inmatelocator/ (last visited June 6, 2021).

[2] While this motion and the underlying suit both address issues related to Hari's legal mail (or documents that Hari claims are legal mail), the Court does not interpret Hari's motion as one seeking to preserve the status quo until the

94 (2007) ("A document filed *pro se* is 'to be liberally construed.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Therefore, the Court considers this a non-dispositive motion and is proceeding by way of Order as opposed to a Report & Recommendation. *See* D. Minn. LR 7.1(b) ("Unless the court orders otherwise, all nondispositive motions must be heard by the magistrate judge.").

## I. BACKGROUND

Hari's request for relief stems from the use of documents disclosed by County Defendants in discovery in this case and subsequently filed in conjunction with their Motion to Dismiss in *Hari v. Smith et al.*, 20-cv-1455 (ECT/TNL) (hereinafter *Hari*). [3] The Court will provide brief background on the Protective Order and documents at issue.

### A. The Protective Order

On May 20, 2020, the Court entered a Protective Order in this case governing the handling of confidential information and documents. (ECF No. 68.) This Protective Order detailed that the party "disclosing or producing a document may designate it as confidential

---

Court can ultimately decide the merits of this case. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) ("A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits.") (citation omitted); *see also Green v. Doe*, No. 16-cv-3945 (PJS/SER), 2018 WL 1023784, at *9 (D. Minn. Jan. 29, 2018) ("Even when a party 'raises a serious issue, the purpose of a preliminary injunction is to protect the plaintiff from harms alleged in the complaint while litigation is pending.'") (quoting *Frye v. Minn. Dep't of Corr.*, No. 05-cv-1327 (JNE/JJG), 2006 WL 2502236, at *1 (D. Minn. Aug. 29, 2006), *report and recommendation adopted*, 2018 WL 1015343 (D. Minn. Feb. 22, 2018). Rather, Hari is asking the Court to enforce the Protective Order or, in the alternative, to sanction counsel for County Defendants for violating the same order. (*See* Hari's Mot. and Brief in Supp. (hereinafter "Mot.") at 10-11, ECF No. 327.; *see also* Hari's Reply Br. ("Reply") at 3, ECF No. 341 ("The issue before the Court on this Motion is whether or not the documents filed by the Anoka County Defendants were confidential documents under the terms of [the Protective Order].").)

[3] "County Defendants" are James Stuart, Jonathon Evans, Lt. Sheila Larson, Sgt. Carrie Wood, and Jesse Rasmussen in this case, and James Stuart, Lt. Sheila Larson, and Jesse Rasmussen in *Hari*. Because these parties overlap, and because they are represented by the same counsel, the Court refers to them as "County Defendants" throughout this Order.

if the party . . . contends that it contains confidential or proprietary information," or if the data could be classified as "confidential, private, or nonpublic under the Minnesota Government Data Practices Act (Minn. Stat. § 13.01, *et seq.*) and the Driver's Privacy Protection Act (18 U.S.C. § 2721, *et seq.*)." (*Id.* ¶ 2(a).) Specifically, data falling under the purview of subdivision 6 of the Minnesota Government Data Practices Act (hereinafter "MGDPA"), could be protected as confidential under the Protective Order. (*Id.*) Parties were tasked with designating documents as confidential by conspicuously marking each page. (*Id.* ¶ 2(b).)

Use of documents designated as confidential was limited to this case. (*Id.* ¶ 3(a); *see also id.* ¶ 6(c) ("All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action."). ) The parties were also ordered to "make reasonable efforts to protect the confidentiality of any confidential document." (*Id.* ¶ 3(c); *see also* ¶ 10(a).) Nevertheless, the Protective Order specifically provided that it did not "authorize the filing of any document under seal," and directed parties to consult Local Rule 5.6 for the procedure for filing documents under temporary seal. (*Id.* ¶ 6(a); *see also id.* ("No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are compelling reasons to do so.").)

The Protective Order also outlined various ways that a confidential document's designation could be changed so that it would no longer be confidential. (*See id.* ¶ 7.) This included when the parties agreed to change the document's designation. (*Id.* ¶ 7(a).)

**B. The Documents**

Hari's motion concerns documents Bates-stamped by County Defendants as 1600-03 and 1799-1800 (hereinafter "the Documents"). (*See, e.g.*, Mot. at 2.) County Defendants produced the Documents in response to Hari's discovery requests in this matter. (Cty. Defs.' Mem. in Opp'n (hereinafter "Mem. in Opp'n") at 2, ECF No. 336.) County Defendants classified the Documents as confidential under the Protective Order, as the Documents contained nonpublic inmate and security data under the MGDPA. (*Id.* at 2-3.)

**C. The Waiver**

On September 1, 2020, defense counsel in Hari's criminal case in this district, *United States v. Hari*, No. 18-cr-150 (DWF/HB) (D. Minn.), subpoenaed counsel for County Defendants, seeking "[a]ll case materials, excluding attorney-client work product, conveyed by the Anoka County Attorney's Office to the plaintiff Michael Hari subsequent to the issuance" of the Protective Order in this case. (ECF No. 190-1 at 1.) Counsel for County Defendants began working with Hari's counsel in the criminal case to facilitate complying with this subpoena. (*See* Mem. in Opp'n at 3-4; *see also* Exs. 1 & 3 to Yount Decl., ECF Nos. 337-1 & 337-3.) In an email to Hari's counsel on September 20, 2020, County Defendants' counsel wrote in relevant part:

> If you can confirm in writing that Mr.[4] Hari agrees to waive his right to confidentiality as the subject of the data under the [MGDPA], and as the opposing party in the pending civil matter, *Laughlin et al. v. Stuart et al.*, 19-cv-2547, my clients

---
[4] For the purposes of accurately quoting the record, the Court quotes these documents in the original notwithstanding Hari's more recent request that she be identified using feminine pronouns. The Court, however, will refer to Hari using feminine pronouns. *See infra* n.6.

4

> will not oppose changing the confidential designation of any responsive document in which Mr. Hari is the subject of the data.

(Ex. 1 to Yount Decl. at 2.) This included the Documents. (*See id.* at 4 ("The County Defendants will produce the scans of Mr. Hari's mail following Mr. Hari's waiver of confidentiality.").) Counsel for County Defendants concluded, "Once Mr. Hari waives his confidentiality rights in the documents, we can begin disclosing his materials." (*Id.* at 4.)

On September 22, 2020,[5] Hari executed the following waiver (hereinafter "the Waiver"):

> I, Michael Hari, hereby waive my right to confidentiality as the subject of the data requested from the Anoka County Attorney's office, pursuant to the [MGDPA], and as the opposing party in the pending civil matter, *Laughlin et al. v. Stuart et al.*, 19-cv-2547.
>
> Accordingly, I understand that this waiver means that the Anoka County Attorney's office will convey to my attorney James Becker, Federal Defenders for the District of MN, the materials requested by subpoena without requiring a court order for an extension of any protective orders that might otherwise prevent their disclosure.

(Ex. 2 to Yount Decl. at 2, ECF No. 337-2.) Following the execution of this waiver, County Defendants produced the Documents, along with other documents, to Hari's counsel in the criminal matter. (Ex. 3 to Yount Decl. at 1-2 (noting that "Hari Mail from Bates 1130-1538" and "Hari Mail from Bates 1539-2199" had been disclosed).)

**D. The Filing**

On March 29, 2021, County Defendants filed a Motion to Dismiss in *Hari*. (ECF

---

[5] Hari dated this waiver September 22, 2019. The Court believes this is a scrivener's error.

No. 59 in *Hari*.) County Defendants filed a memorandum of law in support of their motion and a declaration with attached exhibits in support of the motion. (ECF Nos. 60 & 61 in *Hari*.) These two filings were filed publicly with the Documents either referenced and/or attached in full. On April 8, 2021, after receiving a copy of the present motion, County Defendants refiled these documents under temporary seal "out of an abundance of caution." (Mem. in Opp'n at 5-6; *see also* ECF Nos. 81, 83-86 in *Hari*.)

## II. ANALYSIS

Though County Defendants have refiled the Documents under temporary seal, they were publicly filed in conjunction with their motion to dismiss filed in *Hari*. The Court thus considers whether the filing of these Documents violated the Protective Order and, if so, whether County Defendants should be subject to sanctions.

"[A] court may sanction a party that violates a discovery order, including a protective order," pursuant to Federal Rule of Civil Procedure 37(b). *Smith v. Bradley Pizza, Inc.*, No. 17-cv-2032 (ECT/KMM), 2019 WL 430851, at *3 (D. Minn. Feb. 4, 2019) (citing *Sandoval v. Am. Bldg. Maintenance Indus., Inc.*, 267 F.R.D. 257, 264 (D. Minn. 2007), *aff'd*, 2019 WL 2448575 (D. Minn. June 12, 2019); *see also United States ex rel. Johnson v. Golden Gate Nat. Sr. Care, L.L.C.*, No. 08-cv-1194 (DWF/JJK), 2013 WL 1182905, at *7 (D. Minn. Mar. 21, 2013) ("Under Federal Rule of Civil Procedure 37(b)(2), when a party fails to obey an order to provide or permit discovery, including a protective order, the court may impose any of the sanctions available under Rule 37(b)(2)(A)(i)-(vii) and may issue further just orders.") (quotation omitted).

While Hari admits to signing the Waiver, she[6] nevertheless insists that it was "not an agreement to change the confidential designation" of the Documents and was instead limited to the specific purpose of transferring documents to counsel in her criminal case. (Mot. at 5; *see also* Reply[7] at 6-8, ECF No. 341 (concluding at page 8 that "[t]he second paragraph says what the first paragraph means, that the materials will be conveyed to the Plaintiff's criminal defense team, and that is all.").) The Court disagrees with Hari's assessment.

The first sentence of the Waiver is clear: "I, Michael Hari, hereby waive my right to confidentiality of the data requested from the Anoka County Attorney's office[.]" (Ex. 2 to Yount Decl.) Hari thus waived any confidentiality interest in the Documents under the Protective Order.

Hari's argument that the second paragraph limited the Waiver is unavailing. While the second paragraph does indeed state that the "waiver means that the Anoka County Attorney's office will convey" the Documents to Hari's defense counsel for use in her criminal case, the language of the Waiver does not state that is the *exhaustive* result of the first sentence, which waives her confidentiality interest in the data.[8] (*Id.*)

Hari signed this waiver so that she could utilize and file the documents in a separate

---

[6] Hari began using feminine pronouns in her reply brief to this motion. (*See, e.g.*, ECF No. 341 at 7-8.) Defendants in *Hari* have also indicated that Hari wishes to be referred to using feminine pronouns. (*See* ECF No. 68 in *Hari* at 2 n.1.) The Court thus uses feminine pronouns when referring to Hari. Should Hari wish to be referred to using alternate pronouns, she should so indicate.

[7] Though the Court has concluded this is a non-dispositive discovery motion, it considered Hari's reply briefing due to her identification of the motion as one for injunctive relief before reaching this conclusion. *See* D. Minn. LR 7.1(b)-(c).

[8] *See also Oxford English Dictionary* (defining "accordingly" as "[i]n accordance with the particular circumstances; correspondingly" and "[a]s a result, therefore, so; in due course."), *available at* https://www.oed.com/ (last visited June 6, 2021).

legal matter. She cannot now try to limit the scope of the complete waiver of confidentiality.[9] While it certainly would have been more prudent for County Defendants to file the Documents under seal, the waiver speaks for itself. Because Hari waived her confidentiality interest in the documents, they were declassified and could be filed in other litigation. County Defendants have not violated the terms of the Protective Order, and sanctions are not warranted.

### III.  ORDER

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Hari's "Verified Emergency Motion for a Temporary Restraining Order and Preliminary Injunction and for Sanctions for Violation of the Protective Order" (ECF No. 327) is **DENIED**.

2. All prior consistent orders remain in full force and effect.

[continued on next page]

---

[9] For purposes of this Order, the Court makes no findings as to whether these communications were protected by attorney-client privilege or if Hari waived that privilege.

3. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; summary denial of motions; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: June __7__, 2021                        *s/Tony N. Leung*
                                                          Tony N. Leung
                                                          United States Magistrate Judge
                                                          District of Minnesota

                                                          *Laughlin, et al. v. Stuart, et al.*
                                                          Case No. 19-cv-2547 (ECT/TNL)