# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Malik Laughlin, et al.,

       Plaintiffs,

v.

James Stuart, et al.,

       Defendants.

Case No. 19-cv-2547 (ECT/TNL)

**ORDER**

---

Malik Laughlin, OID #259995, MCF-Rush City, 7600 525th Street, Rush City, MN 55069; Kenneth Lewis, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330; and Michael Hari, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55330 (pro se Plaintiffs);

Robert I. Yount, Assistant Anoka County Attorney, Government Center, 2100 Third Avenue, Suite 720, Anoka, MN 55303 (for Defendants James Stuart, Jonathon Evans, Lt. Sheila Larson, Sgt. Carrie Wood, and Jesse Rasmussen); and

Gary K. Luloff and Jennifer J. Crancer, Chestnut Cambronne PA, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401 (for Defendant Tessa Villegas).

---

This matter is before the Court on Plaintiffs' Motion to Enlarge the Time for an Amended Complaint and Brief in Support (ECF No. 317). Plaintiffs request leave to file a Third Amended Complaint which would make two changes: (1) eliminate the retaliation claims; and (2) add the word "nominal" where compensatory damages are mentioned, along with "any necessary punctuation and conjunction" and subsequent organizational changes. (ECF No. 317 at 1; *see also* ECF No. 319 at 1.) Plaintiffs argue that these amendments to the operative Second Amended Complaint will "streamline and economize" discovery and dispositive motion practice and that the changes will not

1

"prejudice or inconvenience" the parties or the Court. (ECF No. 317 at 1.)  County Defendants do not oppose the motion. (ECF No. 320 at 1-2.)  Specifically, they agree the elimination of the retaliation claims will streamline future litigation and defer to the Court's position on adding the word "nominal" to Plaintiffs' request for damages. (*Id.*)  Defendant Villegas has not responded to Plaintiffs' motion.

The Court will nevertheless deny Plaintiffs' request.  Plaintiffs' original Complaint was filed almost two years ago, and Plaintiffs have subsequently been given the opportunity to amend their Complaint twice.[1]  (*See* ECF Nos. 1, 81, 303.)  The deadline to amend the pleadings has long passed,[2] discovery is coming to a close, and a dispositive motion has already been filed seeking dismissal of Plaintiffs' Second Amended Complaint. (*See generally* ECF No. 82 (Pretrial Scheduling Order, which set the deadline to move to amend the pleadings at June 19, 2020); ECF No. 313 (Amended Pretrial Scheduling Order, which set the fact discovery deadline at April 30, 2021); ECF No. 321 (Defendant Villegas's Motion to Dismiss Plaintiffs' Second Amended Complaint[3]).)

Plaintiffs have not shown good cause for leave to file a Third Amended Complaint outside the deadline prescribed by the original Pretrial Scheduling Order,[4] issued by this

---

[1] On one of those occasions, the Court granted leave for Plaintiffs to *add* the retaliation claims. (*See* ECF No. 81 at 4,9,12.)

[2] *See infra* n.4.

[3] This is the second motion to dismiss filed by Defendant Villegas.  She previously filed a motion to dismiss the Amended Complaint. (*See* ECF No. 248.)

[4] Plaintiffs first moved to amend the original Complaint on May 18, 2020. (ECF No. 64.)  After granting this motion in part and denying it in part (*see* ECF No. 81), the Court entered a Pretrial Scheduling Order, which set the deadline to move to amend the pleadings at June 19, 2020. (ECF No. 82 ¶ 2.)  Plaintiffs filed their Amended Complaint. (ECF No. 85.)  The Court then allowed Plaintiffs to amend their Complaint again, after the deadline had passed. (*See* ECF No. 303 at 13 (giving Plaintiffs until March 16, 2021 to file a Second Amended Complaint).)  When the Court issued an Amended Pretrial Scheduling Order, however, the deadline to file a motion to amend the pleadings did not change. (*See* ECF No. 313 ¶ 2.)

Court nearly one year ago.[5]  *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified

only for good cause and with the judge's consent); *see also Johnson v. Franchoice, Inc.*,

No. 19-cv-1417 (MJD/ECW), 2020 WL 6938782, at *6 (D. Minn. Nov. 25, 2020) ("[T]he

court may properly require, pursuant to Federal Rule of Civil Procedure 16(b), that good

cause must be shown for leave to file a pleading that is out of time with that order.").  "The

primary measure of good cause is the movant's diligence in attempting to meet the order's

requirements."  *Sherman v. Winco Fireworks*, 532 F.3d 709, 716-17 (8th Cir. 2008)

(quotation omitted); *see also IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, 326

F.R.D. 513, 522 (D. Minn. 2018) ("The good cause standard of Rule 16(b) is an exacting

one." (quotation omitted)).

Plaintiffs have provided little to no reasoning in their motion for why they were

unable to meet the Pretrial Scheduling Order's deadline.  The Court finds Plaintiffs were

not diligent.  Because they have not demonstrated good cause to amend the Complaint a

third time, their motion is denied.

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS**

**HEREBY ORDERED** as follows:

1. Plaintiffs' Motion to Enlarge the Time for an Amended Complaint is **DENIED**.

2. All prior consistent orders remain in full force and effect.

3. Failure to comply with any provision of this Order or any other prior consistent
   order shall subject the non-complying party, non-complying counsel and/or the
   party such counsel represents to any and all appropriate remedies, sanctions and the
   like, including without limitation: assessment of costs, fines and attorneys' fees and

---

[5] As described in greater detail above, the Court has already allowed Plaintiffs to deviate from this deadline once.
*See supra* n.2.

3

disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; summary denial of motions; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.


Date: June ___11___, 2021                              _____*s/Tony N. Leung*_____
                                                        Tony N. Leung
                                                        United States Magistrate Judge
                                                        District of Minnesota

                                                        *Laughlin, et al. v. Stuart, et al.*
                                                        Case No. 19-cv-2547 (ECT/TNL)