UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Malik Laughlin, et al., | Case No. 19-cv-2547 (ECT/TNL) |
| Plaintiffs, | |
| v. | **REPORT & RECOMMENDATION** |
| James Stuart, et al., | |
| Defendants. | |

---

Malik Laughlin, OID #259995, MCF-Rush City, 7600 525th Street, Rush City, MN 55069 and Emily Claire Hari, Livingston County Jail, 844 West Lincoln, Pontiac, IL 61764 (pro se Plaintiffs); and

Gary K. Luloff and Jennifer J. Crancer, Chestnut Cambronne PA, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401 (for Defendant Tessa Villegas).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Tessa Villegas' Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 321). This motion has been referred to the undersigned magistrate judge for a report and recommendation to the Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. (ECF No. 98.) Based on all the files, records, and proceedings herein, and for the reasons set forth below, the Court recommends that Villegas' motion be **GRANTED IN PART** and **DENIED IN PART** and that Laughlin and Hari's claims against Villegas be dismissed without prejudice.

## I. PROCEDURAL HISTORY

The procedural history of this case was discussed at length in this Court's Report & Recommendation on County Defendants' Motion for Summary Judgment. (ECF No. 420.) Of note, Plaintiffs Malik Laughlin, Kenneth Lewis, and Emily Hari[1] brought this action pursuant to 42 U.S.C. § 1983 on August 22, 2019. (ECF No. 1.) Their complaint arose from events that occurred while all three were inmates at the Anoka County Jail ("ACJ"). (*Id.*) This Complaint was amended twice throughout the course of litigation. (*See* ECF Nos. 85; 311.)

Defendant Tessa Villegas filed a motion to dismiss on April 5, 2021. (ECF No. 321.) The remaining Defendants, all employees of Anoka County during the relevant time period, filed a motion for summary judgment on June 14, 2021. (ECF No. 357.) Lewis has since settled his claims with County Defendants and Villegas. (ECF Nos. 411; 413.) Lewis' claims against all Defendants have been dismissed with prejudice. (ECF No. 418.)

## II. MOTION TO DISMISS

### A. Legal Standard

Villegas has moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). (ECF No 321.) In deciding a Rule 12(b)(6) motion, a court accepts as true all well-pleaded factual allegations and then determines "whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In doing so, the court must draw

---

[1] Emily Hari was formerly known as Michael Hari. (*See* ECF No. 408.)

reasonable inferences in the plaintiff's favor. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (citation omitted). "To survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Metro. Omaha Prop. Owners Ass'n, Inc. v. City of Omaha*, 991 F.3d 880, 884 (8th Cir. 2021) (citation and internal quotations omitted). Facial plausibility of a claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although a sufficient complaint need not be detailed, it must contain "[f]actual allegations . . . enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). Complaints are insufficient if they contain "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted); *see also Twombly*, 550 U.S. at 555 (providing that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

In assessing a complaint by a pro se plaintiff, the Court applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (quotation and citation omitted); *cf. id.* ("A document filed *pro se* is 'to be liberally construed.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "If the essence of an allegation is discernible," then the court, in applying a liberal construction to pro se complaints, "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d

3

777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

Despite the liberal construal of such complaints, the pro se plaintiff "still must allege sufficient facts to support the claims advanced." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (citation omitted); *see also Stone*, 364 F.3d at 915 (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."). Thus, pro se litigants "must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Stone*, 364 F.3d at 914 (quoting *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981)). Stated differently, "this standard does not excuse pro se complaints from 'alleg[ing] sufficient facts to support the claims advanced.'" *Gerstner v. Sebig, LLC*, 386 F. App'x 573, 575 (8th Cir. 2010) (per curiam) (alteration in original) (quoting *Stone*, 364 F.3d at 914).

### B. The Second Amended Complaint – Claims Against Villegas

In the Second Amended Complaint, all three Plaintiffs request injunctive relief, as well as compensatory and punitive damages pursuant to 42 U.S.C. § 1983. (Sec. Am. Compl. at pp. 1; 12-13, ECF No. 311.) In the introduction, Plaintiffs allege that Villegas, along with other "Anoka County Jail Defendants" violated "their rights under the 1st, 6th, 5th, and 14th Amendments to the United States Constitution for violation of their right to access to courts, violation of their right to counsel, & 1st Amendment retaliation." (*Id.* ¶ 1.)

The Second Amended Complaint, however, makes little mention of Villegas other than her actions involving a claim Lewis makes against her involving his legal mail.

4

Plaintiffs specifically state that Lewis is bringing a claim against Villegas in her individual and official capacity "for violation of his 1st and 6th Amendment rights for interfering with his attorney-client communication." (*Id.* ¶¶ 1, 8.) Plaintiffs also summarily allege that "[t]he acts committed by the Defendants giving rise to this complaint were the result of willful and wanton misconduct." (*Id.* ¶ 3.)

As for specific facts, Plaintiffs first allege that during the relevant time period, Villegas was an Anoka County Deputy Sheriff. (*Id.* ¶ 8.) In the factual allegations section of the Second Amendment Complaint, Plaintiffs then write:

> Early in 2019, Plaintiff Lewis sent a letter to his attorney, Bradley Zunker. Anoka County Jail Lt. Sheila Larson intercepted it, opened it, read it, scanned it, and provided it to investigator Tessa Villegas, who gave it to Tom Calhoun Lopez.[2] Calhoun-Lopez gave the letter to Plaintiff Lewis' federal defense attorney Ken Riach, with an explanation. Plaintiff Lewis has grieved and appealed these incidents, and all administrative remedies have been exhausted.

(*Id.* ¶¶ 11.) There is no other mention of Villegas in the Second Amended Complaint.

### C. Analysis

As stated above, Lewis' claims against Villegas have been dismissed with prejudice. (ECF No. 418.) Laughlin and Hari seem to acknowledge that they have stated no claims against Villegas. (*See* ECF No. 339 at 2.) In their memorandum in opposition to Villegas' motion, they write:

> At this point, the Plaintiffs are aware only of claims made by Lewis against Villegas, however Defendant Villegas requests

---

[2] Villegas has asked the Court to take judicial notice that Tom Calhoun-Lopez is an Assistant United States Attorney with the U.S. Attorney's Office, District of Minnesota. Plaintiffs refer to Calhoun-Lopez as a federal prosecutor throughout their filings. The Court therefore takes judicial notice of this fact. *See* Fed. R. Evid. 201; *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 914 (8th Cir. 2014).

> the dismissal of "all claims" and "dismissal of claims in their entirety" in her Motion[]. To the extent that Ms. Villegas' Motion may effect [sic] each of their own claim[s] or challenges facts concerning the practices of Anoka County supporting their claims, Plaintiffs oppose dismissal of their claims and so make their joint response in the form of this Memorandum.

(*Id.*) The remainder of their memorandum discusses Lewis' claim against Villegas. (*Id.* at 2-14.) At the memorandum's conclusion, Laughlin and Hari again seem to separate Lewis' claim against Villegas from the remaining claims. (*See id.* at 13-14 ("Construed liberally, Lewis' claims (and to the extent that Ms. Villegas['] Motion may be construed to attack [Ms.] Hari and Mr. Laughlin's claims) against Ms. Vill[e]gas meet the standards of Rule 12.")

To the extent that Villegas' motion relates to Lewis' claim or claims, the motion is moot based on the dismissal of his claims in their entirety from this lawsuit. In the abundance of caution, the Court will nevertheless recommend that this motion be granted in part to the extent Laughlin and Hari make any argument that they have stated a viable claim or claims against Villegas.

Rule 8 requires a complaint to contain "a short and plain statement of the claim [or claims] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint must be concise, and it must be clear." *Gurman v. Metro Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011). A complaint must also provide the defendant "with fair notice" of the plaintiff's claims "and the grounds upon which [they] rest[]." *Adams v. Am. Family Mut. Ins. Co.*, 813 F.3d 1151, 1154 (8th Cir. 2016) (quotation omitted).

6

Even liberally construed, the Second Amended Complaint gives no warning to Villegas as to how she violated Laughlin or Hari's rights. Neither Laughlin nor Hari have alleged sufficient facts to support any claim against her. *See Stringer*, 446 F.3d at 802; *Gerstner*, 386 F. App'x at 575. Stating only that Villegas has violated their constitutional rights and has done so intentionally, willfully, and with wanton misconduct are the type of "naked assertions devoid of further factual enhancement" that cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 678; *see also id.* ("[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (citing *Twombly*, 550 U.S. at 555).

In conclusion, the Court recommends granting Villegas' motion to the extent it applies to any claim Laughlin or Hari has raised against her. It recommends denying her motion to the extent it applies to Lewis' now-dismissed claims.

[continued on next page]

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Tessa Villegas' Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 321) be **GRANTED IN PART** and **DENIED IN PART AS MOOT** as outlined herein.

2. Laughlin and Hari's claims against Defendant Villegas be **DISMISSED WITHOUT PREJUDICE**.

Date: January 21, 2022

        *s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Laughlin, et al. v. Stuart, et al.*
Case No. 19-cv-2547 (ECT/TNL)

### NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).